**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 2669<br>4:15-MD-2669-JAR |
| MATTHEW LISUZZO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVID LIFE MEDIA, INC., a Canadian corporation, BARNES & THORNBURG LLP, an Indiana limited liability partnership, LESLIE WEISS,<br><br>Defendants. | PRETRIAL ORDER NO. ___<br><br>(Treatment of Privilege and Work Product Materials) |

This Order, entered pursuant to Fed. R. Civ. P. 26 and Fed. R. Evid. 502(d), shall govern the treatment of all privileged or work product materials in MDL 2669. This Order applies equally to all parties, who for the purposes below shall be designated as either the "Producing Party" or the "Receiving Party."

**Privilege Log Production**

1. Any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format that allows text searching and organization of data. For administrative purposes, an e-mail thread contained within a single document need only be recorded once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread.

2. The Producing Party will provide Receiving Parties with its initial privilege log

**EXHIBIT 21**

relating to its first production no later than fifteen (15) days after said first production. Thereafter, the Producing Party shall produce supplemental privilege logs no later than seven (7) days after withholding additional documents from supplemental productions, pursuant to a claim of privilege.

3. For each document for which a Producing Party asserts that a privilege applies, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5), including the following:

    a. the Bates range of the document;

    b. the total number of pages of the document;

    c. a statement of the ground(s) alleged for withholding such document;

    d. the date of the document or communication;

    e. the identity of the document's author(s) and signatories;

    f. the identity of any recipients of the document;

    g. the identity of all individuals who had access to the document;

    h. whether the asserted privilege(s) also applies to any attachments;

    i. an indication of all authors, signatories, or recipients of the document who are attorneys;

    j. an indication whether the document was created for the purpose of retaining an attorney or to secure legal services or advice;

    k. an indication as to whether the document was prepared in anticipation of potential litigation;

    l. a statement as to whether the entire document has been redacted/withheld or only a portion has been redacted; and

   m. a description of the withheld document, communication, or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the validity or efficacy of the privilege claim.

  4. Notwithstanding a claim of privilege, any purportedly privileged document containing non-privileged matter must be: (i) produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself, and (ii) listed on the privilege log to be provided pursuant to Paragraphs 1 – 3 above.

  5. To assist in the prompt resolution of disputed claims of privilege, upon request by the Court, the Producing Party shall submit to the Court under seal, un-redacted copies of all documents for which there is a disputed claim of privilege.

### Inadvertent Production of Privileged Materials

  6. In the event that a Producing Party claims that it inadvertently failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all parties to whom such privileged material was produced or disclosed of the Producing Party's intent to assert a claim of privilege or work product over such materials, and consistent with Paragraph 5 herein, upon request by the Court, submit to the Court under seal, un-redacted copies of all documents for which it asserts a privilege and claims were inadvertently produced.

  7. Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party, if it intends to challenge the designation of the document(s), shall immediately sequester all copies of the document(s) pending Court resolution of the challenge and shall view and use the document(s) at issue only to the extent necessary to

challenge the privilege claim. The document(s) that the Receiving Party intend(s) to challenge shall only be submitted to the Court under seal for an *in camera* review.

8. If the Receiving Party does not intend to challenge the designation of the document(s), consistent with the Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly refrain from further copying or distribution of the subject materials and shall return or destroy all copies of the subject materials.

9. Where the parties agree, or the Court orders, that an inadvertently produced document is protected by the attorney-client, work product, or other privilege, and such document was originally produced in electronic format on media containing production materials that are not subject to any exemption from production, the Producing Party shall promptly provide replacement production media to the Receiving Party.

10. The inadvertent production by any Producing Party, whether in this Action or in any other proceedings, of materials subject to a claim of privilege or work product shall not result in a waiver of any such protection in this Action for the produced materials or for any other privileged or immune materials containing the same or similar subject matter. Nor shall the fact of an inadvertent production by any Producing Party in this Action be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding.

ORDERED AND ADJUDGED this ____ day of _____, 2014.

_____
UNITED STATES DISTRICT JUDGE