UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| IN RE ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION ) ) ) ) This Document Relates to: ) ) ALL CASES ) ) | ) MDL No. 2669 Case No. 4:15MD2669 JAR |

**Siprut's Renewed Motion for Appointment of Co-Lead Interim
Class Counsel (And Response to Driscoll Motion for Appointment)**

Siprut reiterates and incorporates by reference our previous filing,[1] suggesting that the interim Class Counsel structure proposed by the Driscoll group ("Driscoll") also include a co-lead who actually has experience as Lead Class Counsel in data breach suits (Siprut). We also suggested adding Katrina Carroll of Lite DePalma to the Executive Committee, who also has substantial data breach experience. Despite Driscoll's amended motion (Dkt Nos. 65-66), which apparently added a lawyer to the proposed Executive Committee, the Driscoll group still suffers from the same basic infirmity. None of the proposed Co-Leads has *any* experience as a Lead Class Counsel in a data breach class action.

Siprut is Lead or Co-Lead Counsel in three data breach class actions *right now*, plus an additional appointment on the Executive Committee of a fourth data breach action.[2] We aren't

---

[1] (Dkt No. 43.) For the Court's convenience, a copy of our prior submission is attached here as Exhibit A.

[2] *See generally* Ex. A at p. 4 (Co-Lead Counsel in *In re Barnes & Noble Pin Pad Litig.*, Case No. 12-cv-8617 (N.D. Ill.); Lead Counsel in *Moyer v. Michaels*, Case No. 2:14-cv-07006-JS-ARL (E.D.N.Y.); Co-Lead Counsel in *Lewert v. P.F. Chang's China Bistro, Inc.*, Case No. 14-

opposing the Driscoll group and the various positions and lawyers proposed by that group; we are simply suggesting that the Court add an *additional* co-Lead. It would make no sense to appoint a Leadership group that does not include the one lawyer who actually has demonstrable experience as Lead Counsel in exactly this type of case (Siprut).

There are additional considerations supporting this conclusion. One of Siprut's filed cases (now consolidated before this Court) was on behalf of a non-Doe plaintiff (Michael Pauly).[3] As was discussed at the last hearing before the Court, it is not clear if the Driscoll group includes *any* non-Doe plaintiffs. At a minimum, the fact that the Driscoll plainly has a minimal number of non-Doe plaintiffs underscores why at least one co-Lead should be appointed who can bring an additional non-Doe plaintiff to the table (again, Siprut). If the Court ultimately rules that no class representatives can proceed in a John Doe capacity, then absent Siprut serving as one of the co-Leads, the Court risks that the Driscoll group will have none left. And in all events, given that certain plaintiffs will have standing for certain claims that not all other plaintiffs will possess (and/or may not be subject to certain defenses that could apply to other plaintiffs), we need to make sure the Leadership group includes as many different class reps—non-Doe class reps especially—as possible. This supports the inclusion of Siprut as a co-Lead.

In response to the Court's directive that prospective Class Counsel also make clear what their views on cost-sharing would be, Siprut's view is that whatever lawyers are appointed as co-Leads should bear *sole* responsibility for the costs and expenses incurred in the prosecution of this case. It does not make sense to slough off those costs on other plaintiff's counsel who are not

---

cv-3700 (N.D. Ill.); and Executive Committee in *Knoch v. Intuit*, Case No. 15-cv-03650 (N.D. Cal.)).

[3] *Pauly v. Avid Life Media, et al.*, Case No. 1:15-cv-08842 (N.D. Ill.).

serving in a leadership capacity. Indeed, one of the factors in determining an applicant's suitability for Lead Class Counsel is the ability to invest such necessary resources in the prosecution of the case. If there are three co-Leads appointed by the Court here (the two Driscoll leads and Siprut), then those three lawyers should split the expenses equally. No one else should have to pay a dime.

Finally, we respectfully suggest that the Court consider adding an additional member to the Executive Committee who has focused uniquely and specifically on the Fraud Claims here. The Mason group (Dkt Nos. 80-81) has focused on the claims and evidence specific to the fraud claimants more than anyone else thus far. Though the Court determined that separate Counsel for the fraud claims may not be necessary, it would still make sense to appoint someone from the Mason group to the Executive Committee, to ensure that the Plaintiffs' combined Leadership Group is best-suited for the complete prosecution of this case and an attack on Ashley Madison on all fronts.

## CONCLUSION

For the foregoing reasons, counsel for Plaintiffs respectfully request that this Court approve the Siprut-LDG Group's proposed plaintiff leadership structure and the designation of counsel outlined herein.

Dated:  February 1, 2016               Respectfully submitted,

*/s/ Joseph J. Siprut*
Joseph J. Siprut
*jsiprut@siprut.com*
John Marrese
*jmarrese@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.300.4809

Katrina Carroll
*kcarroll@litedepalma.com*
Kyle A. Shamberg
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG LLC**
Chicago Office
211 W. Wacker Drive
Suite 500
Chicago, Illinois 60606
312.750.1265

-4-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that the foregoing **Siprut's Renewed Motion For Appointment Of Co-Lead Interim Class Counsel (And Response To Driscoll Motion For Appointment)** was filed electronically with the Clerk of the Court using the CM/ECF system this 1st day of February 2016 and served electronically on all counsel of record.

*/s/ Joseph J. Siprut*___
Joseph J. Siprut