UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| IN RE ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION ) ) ) | |
| ) | MDL No. 2669 |
| This Document Relates to: ) ) | Case No. 4:15MD2669 JAR |
| ALL CASES ) ) | |

**MASON GROUP'S RESPONSE TO DRISCOLL MOTION FOR APPOINTMENT OF PLAINTIFFS' INTERIM LIAISON COUNSEL, INTERIM CO-LEAD COUNSEL, AND INTERIM EXECUTIVE COMMITTEE**

In its last-minute filing, the Driscoll group responded to the Motion of Appointment of Gary E. Mason as Interim Co-lead Counsel with unfair and baseless criticism. It is simply not true, as Driscoll's brief implies, that the Mason group has done little more than promote itself for leadership positions. To the contrary, and as detailed in its application, the Mason group has been the only group of attorneys which have relentlessly and consistently promoted the issue that they recognized early on was the real issue in this case - the massive fraud perpetrated upon persons like Christopher Russell, who lost money on the elaborate scam which is Ashley Madison.[1] The national press, if not Driscoll, has come to recognize that this is the real issue of importance in this litigation. As noted just this week:

---

[1] For example, while the Mason group has reviewed more than 200,000 Ashley Madison emails from the data dump (none of which appear relevant to any security breach issues), there is no indication in any of Driscoll's filing that he or any of his associated counsel have similarly endeavored to download the data, convert it into a reviewable format, and undertake a review.

> On the surface, the fact that a bunch of would-be adulterers got outed by hackers doesn't seem that important if you weren't directly involved…. Clearly, Ashley Madison would have benefited from encryption, not to mention better overall database security. But if it had, and if the hack had not revealed the titanic scam at the heart of this particular "adultery" site (a scam in which men were enticed by algorithmic lures to keep paying money even though their prospects of meeting women were actually very slim), then Ashley Madison would simply be continuing to bilk its users today

Phil Elmore, "Data Encryption: Double-Edged Sword," *WND* (Feb. 4, 2016), available at http://www.wnd.com/2016/02/data-encryption-double-edge-sword/#i3t2Frh3xWkAfwtF.99.

Plaintiff Chris Russell, among all the plaintiffs who have filed cases (most of whom either remain anonymous or seem more concerned with the disclosure of their personal information), is alone in his out-spoken advocacy of his claim.  *See* David Kushner, "Scammers and Spammers: Inside Online Dating's Sex Bot Con Job," *RollingStone* (Feb. 1, 2016), available at http://www.rollingstone.com/culture/features/scammers-and-spammers-inside-online-datings-sex-bot-con-job-20160201 (featuring an interview of Russell and discussing his experience with Ashley Madison).

Driscoll's claim that the Mason group has done nothing but focus on leadership is ironic coming from the firm that was first to file a Motion for Lead Counsel.  To the contrary, the Mason group in its proposed Agenda was careful to suggest an orderly briefing schedule (similar to what the Court eventually ordered) and refrained from filing an application for lead.[2] The Mason group has also put forward a simple suggestion for a Common Fund, namely that one firm maintain the fund and the other firms appointed to leadership contribute the funds necessary

---

[2] Instead, the Mason group moved for appointment of interim liaison counsel pursuant to this Court's Practice and Procedure Order Upon Transfer (Dec. 23, 2015) (Doc. No. 5).

to run this case.[3]  This approach has been adopted in *In Re: U.S. Office of Personnel Mgmt. Data Security Breach Litig.*, MDL No. 2664 (D.D.C), and in any number of consumer and data breach MDLs.  Driscoll's proposal – that all firms involved in this litigation, regardless of whether their claims are in this MDL or in state court, pay a **12% tax** on the gross recovery to Co-Lead Counsel - is a model adopted from mass tort litigation (an area in which Driscoll and his proposed slate clearly have an abundance of experience) but is completely foreign to MDL's arising from consumer fraud and data breaches and makes virtually no sense where, as here: (1) there are very few cases pending outside the MDL; (2) to the extent there are cases litigated in state court, they are likely to amount to very small amounts of money compared to a mass tort case ( $100 in damages for Mr. Russell versus hundreds of thousands in individual damages typical to a pharmaceutical mass tort); and (3) expert costs are likely to be relatively low.  The Mason group is unaware of any consumer or security breach MDL where individual cases have been taxed any amount, much less 12% of the gross recovery.

With respect to the protective order to allow "Doe" defendants, it is only appropriate that Driscoll take the lead on this issue as the Complaint he filed on August 27, 2015, is on behalf of "Jane Doe."  Russell and Poyet have no need for a protective order to protect their identities and are prepared to rapidly move this case forward.[4]

Last, the Mason group's lack of engagement with defense counsel is not for lack of trying.  Prior to his withdrawal, prior defense counsel, David Nelson of Barnes & Thornburg, failed to respond to numerous calls placed by Mr. Mason.  After Barnes & Thornburg withdrew,

---

[3] Memorandum of Law in Support of Plaintiff Christopher Russell's and Plaintiff David Poyet's Fed. R. Civ. P 23(g) Motion for Appointment of Gary E. Mason as Interim Co-Lead Counsel and Michael J. Braunstein, Michael J. Flannery and Robert K. Shelquist as Members of the Plaintiffs' Executive Committee at 12-13 (Feb. 1, 2016) (Doc. No. 81)

[4] Further, it cannot be ascertained from Driscoll's proposed amended complaint of Jane Doe (adding fraud claims) whether she even has a viable fraud claim. Jane Doe's fraud allegation, even as to her own damages, are entirely alleged upon information and belief ("On information and belief, Plaintiff John Doe #1 . . . was lured into purchasing and/or spending Ashley Madison "credits" as a result of Defendants' fake "bot" accounts").

3

Robert Atkins of Paul Weiss noticed his appearance. Mason immediately contacted Atkins, but by that point, Atkins, admittedly unaware that counsel other than Driscoll were interested in serving leadership roles, had elected to direct his attention to Driscoll.

Driscoll has put forward a panoply of attorneys with various degrees of class action experience, mainly in the area of mass torts, and virtually none with prior experience relevant to this case, a factor Federal Rule 23(g) directs this Court to consider. *See* Fed. R. Civ. P. 23(g)(1)(A) (factors to consider include counsel's experience in handling the type of claims asserted in the action). Standing behind the attorney who first filed in the jurisdiction where the JPML has chosen to transfer all cases is not a credential for appointment to a leadership position. This Court should appoint Lead or Co-Lead Counsel and members of the Steering Committee who will best serve the Court and the class. John Driscoll and Douglas Dowd merit appointment to leadership positions in this litigation. Mason, Braunstein, Flannery and Shelquist merit appointments as well.[5]

Plaintiff Christopher Russell respectfully requests the Court to enter an Order (1) appointing Gary E. Mason of Whitfield Bryson & Mason LLP as Interim Co-Lead Class Counsel, and (2) appointing Michael J. Flannery, Michael L. Braunstein and Robert K. Shelquist

---

[5] Courts commonly decline to adopt in their entirety "slates" proposed by one group of attorneys. For example, in *In re OPM*, the Court replaced one member of the five person "slate" proposed by the prevailing group with a member from a different "slate".

to the Plaintiffs' Steering Committee. Alternatively, the Mason group requests appointment of Gary E. Mason and Michael L. Braunstein to the Plaintiffs' Steering Committee.

Dated: Feb. 5, 2016                                Respectfully submitted,

/s/ Michael J. Flannery
Michael J. Flannery (52714MO)
**CUNEO GILBERT & LADUCA, LLP**
7733 Forsyth Boulevard
Suite 1675
St. Louis, MO  63105
Phone: (314) 226-1015
mflannery@cuneolaw.com

**WHITFIELD BRYSON & MASON LLP**
Gary E. Mason
1625 Massachusetts Ave. NW
Ste. 605
Washington, DC 20036
Tel: (202) 429-2290
gmason@wbmllp.com

**THE BRAUNSTEIN LAW FIRM, PLLC**
Michael L. Braunstein
3 Eberling Drive
New City, NY 10956
Tel: (845) 642-5062
MBraunstein@BraunsteinFirm.com

*Attorneys for Plaintiff Christopher Russell*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P**
Robert K. Shelquist
Rebecca A. Peterson
100  Washington  Avenue  South,  Suite  2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com

5

**ROBBINS ARROYO**
Brian J. Robbins
Kevin A. Seely
Ashley R. Rifkin
Leonid Kandinov
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsarroyo.com
kseely@robbinsarroyo.com
arifkin@robbinsarroyo.com
lkandinov@robbinsarroyo.com

*Attorneys for Plaintiff David Poyet*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, to be served on all participants in the case who are registered CM/ECF users.  I also certify that on February 5, 2016, I served a copy of this document on all attorneys of record by e-mail.

                                              */s/ Michael J. Flannery*
                                              Michael J. Flannery