**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) | MDL No. 2669 |

## ORDER APPOINTING LEADERSHIP COUNSEL

Defendants are in agreement that Richard P. Cassetta of Bryan Cave LLP shall serve as Defendants' Liaison Counsel and that Robert A. Atkins of Paul, Weiss, Rifkind & Garrison, LLP shall serve as Defendants' Lead Counsel.

Plaintiffs are not in agreement on their leadership. The Court has reviewed the various requests for appointment submitted by Plaintiffs' counsel and has no doubt that all counsel who have expressed an interest in leadership are qualified for positions. After careful consideration, the Court concludes that the interim class counsel structure proposed by the Dowd-Driscoll-Garrison Group ("the Group"), with some modification, best meets the needs of all Plaintiffs. In particular, this group most closely meets the "private ordering" concept, see Manual for Complex Litigation, Fourth, § 14.211 (2004), because it has support of the larger number of Plaintiffs and attorneys involved. The members of this group have been involved in the litigation consistently and cooperatively since the beginning and have the resources necessary to represent Plaintiffs and coordinate the activities that will be necessary for the prosecution of this litigation.

In order to ensure that the diverse interests of Plaintiffs will be represented, the Court has modified the Group's proposal by identifying five attorneys for appointment to Plaintiffs' Interim Executive Committee. These attorneys offer varying perspectives on issues raised in this litigation and will ensure that the interests of all Plaintiffs will be fully represented.

1

As set forth more fully below, once the leadership structure is in place, both Plaintiffs and Defendants are expected to act only through leadership counsel. It is the intent of the Court that all filings should only be made by Lead Counsel. The Court expects leadership counsel to act cooperatively and make all reasonable efforts to ensure that communication among the parties is as open and frequent as possible and that the interests of all parties be considered in all planning and pretrial matters.

At this juncture, the Court will defer determination on the establishment of a common benefit fund until after it rules on pending motions to give leadership time to provide further input to the Court on the need for and structure of any proposed common benefit fund.

Accordingly,

**IT IS HEREBY ORDERED** that Richard P. Cassetta of Bryan Cave LLP is appointed Defendants' Liaison Counsel. As such he is responsible for filing all matters on behalf of Defendants, keeping all defense counsel apprised of any changes in Plaintiffs' service list, calling meetings for the purpose of coordinating discovery and pretrial matters on behalf of Defendants, and ensuring that all defense counsel are served with all court orders and are consulted and kept informed on all aspects of the pretrial phase of these cases.

**IT IS FURTHER ORDERED** that Robert A. Atkins of Paul, Weiss, Rifkind & Garrison, LLP is appointed Defendants' Lead Counsel and shall be generally responsible for coordinating the activities of Defendants during pretrial proceedings.

**IT IS FURTHER ORDERED** that Plaintiffs' leadership structure will be as follows:

1. Attorney Douglas P. Dowd and Dowd & Dowd, P.C., is appointed as Plaintiffs' Interim Liaison Counsel. As such he shall be the attorney to whom the Court may direct inquiries and shall be responsible for maintaining and distributing an up-to-date service list, distributing to

all Plaintiffs' counsel all Court Orders, pleadings and other documents, and performing other assignments deemed necessary as the case progresses.

2. Attorneys John J. Driscoll and The Driscoll Firm, P.C., and W. Lewis Garrison, Jr., and Heninger Garrison Davis, LLC, are appointed as Plaintiffs' Interim Co-Lead Counsel, and shall generally be responsible for coordinating the activities of Plaintiffs during pretrial proceedings as set forth below.

3. The following attorneys are appointed to Plaintiffs' Executive Committee:

- John Arthur Eaves, Jr. and the Eaves Law Firm (Jackson, MS)

- Gary F. Lynch and Carlson Lynch Sweet & Kilpela, LLP (Pittsburgh, PA)

- Katrina Carroll and Lite DePalma Greenberg LLC (Chicago, IL)

- Julian A. Hammond and Hammondlaw P.C. (Baltimore, MD)

- Thomas A. Zimmerman, Jr. of Zimmerman Law Offices (Chicago, IL)

The Executive Committee shall operate under the direction of Co-Lead Counsel and consult with Plaintiffs' Co-Lead and Liaison counsel in coordinating Plaintiffs' pretrial activities and planning for trial.

**IT IS FURTHER ORDERED** that Plaintiffs' Co-Lead Counsel shall act on behalf of all Plaintiffs and the other members of the proposed classes as follows:

1. To direct and execute on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

2. To direct and manage pretrial proceedings on behalf of all Plaintiffs, including the briefing and argument of motions and the conduct of all types of discovery proceedings consistent with Fed. R. Civ. P. 26;

3. To seek the assistance of other Plaintiffs' counsel, including but not limited to those on the Executive Committee, in performance of all work necessary for the prosecution of the case,

3

including investigation, research, briefing, and discovery, with particular attention to using efficiently the resources of the other Plaintiffs' counsel in a manner commensurate with those lawyers' resources and experience;

4. To direct the selection of counsel to act as spokespersons before the Court;

5. To call and chair meetings of Plaintiffs' counsel;

6.  To prepare and distribute periodic status reports to the parties;

7. To direct and conduct settlement negotiations;

8. To direct and arrange a system for keeping and collecting time and disbursement records of all Plaintiffs' counsel; and

9. To supervise any other matters concerning the prosecution or resolution of this litigation.

**IT IS FURTHER ORDERED** that in carrying out the above duties, Plaintiffs' Co-Lead Counsel are particularly required to consult with all Plaintiffs' counsel throughout this case to assure that all interests are represented.

**IT IS FURTHER ORDERED** that no papers shall be served or filed, and no process, discovery, or other procedure shall be commenced by any counsel other than Lead Counsel, except with specific leave of Court. Any non-Lead Counsel may file other motions for relief from or to modify any future orders of the Court, but are cautioned that they should do so only if there is a matter of utmost importance that they have already unsuccessfully sought to have raised by their Co-Lead Counsel.

**IT IS FURTHER ORDERED** that it is the duty of Plaintiffs' Liaison counsel to maintain up-to-date service lists, to receive and distribute to Plaintiffs' counsel all Court orders and any documents served by Defendants. In particular it will be the duty of Liaison Counsel to assure that documents filed in the ECF system are distributed to any counsel whose registration

with the ECF system has not been completed. As previously ordered, of course, all counsel of record must register with the ECF system.

**IT IS FURTHER ORDERED,** to the extent set out herein, that the Amended Motion for Appointment of Plaintiffs' Interim Liaison Counsel, Interim Co-Lead Counsel and Interim Executive Committee filed by the Dowd-Driscoll-Harrison group [65] is **GRANTED** in part, and the remaining motions to appoint counsel [58, 62, 80, 82] are **DENIED.**

**IT IS FINALLY ORDERED** that the Motion for Designation of Defendants' Liaison Counsel [77] is **GRANTED.**

Dated this 5th day of February, 2016.

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

5