# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) | MDL No. 2669 |

## MEMORANDUM AND ORDER

Currently pending before the Court is Defendant Avid Dating Life's Motion for Protective Order Precluding Use of Stolen Documents by Plaintiffs or their Counsel. (Doc. No. 115) Plaintiffs seek leave to file their Memorandum in Opposition to Avid's Motion under seal. (Doc. No. 125) According to Plaintiffs, a significant portion of their opposition brief, with related exhibits, will address whether certain emails between Avid and its general counsel and Avid and its former counsel, Defendants Barnes & Thornburg LLP and Leslie Weiss, are privileged and, if so, whether the crime-fraud exception to the attorney-client privilege applies. Avid opposes Plaintiffs' motion for leave to file under seal on the grounds that this is the very conduct it seeks to prohibit in its motion for protective order, i.e., the use of stolen documents, including stolen privileged documents. (Doc. No. 126) Avid argues that such use of privileged communications that Plaintiffs know were stolen from Avid when its computer systems were hacked is improper under federal and state caselaw and the rules of professional conduct. In reply, Plaintiffs state they do not intend to submit the actual documents that Avid maintains have been stolen or are privileged. Instead, they intend to quote and discuss certain news articles that review the leaked documents and describe the communications between Avid and its attorneys regarding the use of fake female profiles. (Doc. No. 127)

The threshold issue for the Court's determination is whether Plaintiffs can use, for any purpose, documents and information that were illegally obtained from Avid in the computer

1

hack. Only after making that threshold determination can the Court reach the issue whether certain email communications between Avid and its attorneys are privileged and whether the crime-fraud exception to the privilege applies. Until such time as the Court rules on this threshold issue raised in Avid's pending motion for protective order precluding the use of stolen documents, Plaintiffs shall not refer to or quote from those documents or email communications or attach any exhibits that refer to or quote from those documents or communications.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Their Memorandum in Opposition to Defendant Avid Dating Life, Inc.'s Motion for a Protective Order Under Seal [125] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their response to Avid's motion for protective order on the threshold issue of whether Plaintiffs can use, either directly or indirectly, documents and information that were illegally obtained from Avid. Plaintiffs shall not reference or quote from those documents in their response nor attach thereto any exhibits that refer to or quote from those documents.

**IT IS FURTHER ORDERED** that in light of the Court's ruling, the time for filing Plaintiffs' response to Avid's motion for protective order is extended to **Tuesday, March 15, 2016**.

**IT IS FINALLY ORDERED** that Plaintiffs' Unopposed Motion for Leave to File Memorandum in Opposition to Defendant Avid Dating Life, Inc.'s Motion for a Protective Order in Excess of Page Limitations [124] is **GRANTED**.

Dated this 11th day of March, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**