UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) | MDL No. 2669 |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Proceed under Pseudonyms. (Doc. No. 91) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied in part.

**Background**

This multidistrict litigation arises from a data security breach involving AshleyMadison.com, a "dating" website that represents itself as a site to facilitate intimate relationships for individuals who are either married or in a committed relationship. Defendant Avid Dating Life, Inc. ("Avid") owns and operates the website. Plaintiffs in these actions allege, on behalf of similar putative nationwide or state classes, that Avid failed to adequately secure their personal and financial information; marketed a "Full Delete Removal" service that did not, in fact, purge user account information from the Ashley Madison database; and made extensive use of artificial intelligence "bots" and other mechanisms to mimic fake users (specifically, female users) on the Ashley Madison website in order to induce actual (predominantly male) users to make purchases.

Following an initial status conference with counsel on January 26, 2015, Plaintiffs were ordered to file any Motion for Leave to Proceed Under Pseudonyms by February 15, 2016. (Doc. No. 75) The Court also ordered the parties to file, if necessary, an agreed upon limited protective order concerning the disclosure of the Doe Plaintiffs' identities pending the Court's ruling on

1

Plaintiffs' motion to proceed under pseudonyms no later than February 15, 2016. (Id.) On the parties' consent motion, the Court entered the parties' agreed upon limited protective order on February 16, 2016. (Doc. No. 93)

This matter is now before the Court on Plaintiffs' fully briefed Motion for Leave to Proceed Under Pseudonyms. (Doc. No. 91) Forty-two Plaintiffs[1] seeking to represent a class of users of the Ashley Madison website have filed under pseudonym "to reduce the risk of potentially catastrophic personal and professional consequences that could befall them and their families" should they be publicly identified as someone whose sensitive personal information, i.e., names, email addresses, credit card information, and sexual preferences and habits, was contained in Avid's "cheating website" database. (Doc. No. 91 at ¶ 1; Doc. No. 92 at 1) Avid opposes Plaintiffs' motion on the grounds that anonymous lawsuits are not permitted except in rare and exceptional circumstances, none of which apply here. (Doc. No. 109 at 3-11) Avid further argues it will be significantly prejudiced if Plaintiffs are permitted to proceed anonymously. (Id. at 12-14) Lastly, if the forty-two unnamed plaintiffs prefer to remain anonymous, they should do so as class members. (Id. at 14-15)

**Legal standard**

The parties do not disagree on the overarching aspects of the law governing the circumstances under which a plaintiff may proceed under pseudonym. Federal Rule of Civil Procedure 10(a) generally requires parties to a lawsuit to identify themselves in their respective

---

[1] *John Doe v. Avid Life, Media, Inc., et al.,* No. 6:15-cv-01464-LSC (N.D. Ala.); *J. Doe 1, et al. v. Avid Life Media, Inc., et al.*, No. 8:15-cv-1347 (C.D. Cal.); *John Doe v. Avid Life Media, Inc., et al.*, 2:15-cv-06405 (C.D. Cal.); *Jane Doe, et al. v. Avid Life Media, Inc., et al.*, No. 4:15-cv-01132 (E.D. Mo.); *John Doe v. Avid Life Media, Inc.*, 3:15-cv-02750 (N.D. Tex.); *John Doe v. Avid Life Media, Inc., et al.*, 4:15-cv-00640 (E.D. Ark.); *John Does, et al. v. Avid Life Media, Inc., et al.*, 2:15-cv-06619 (C.D. Cal.); *Doe v. Avid Life Media, Inc., et al.*, 1:15-cv-07760 (N.D. Ill.); *John Doe v. Avid Life Media, et al.*, 1:15-cv-08270 (N.D. Ill.); *John Does 1-21 v. Avid Life Media, Inc., et al.,* No. 3:15-cv-00658 (S.D. Miss.); *Jane Doe, et al. v. Avid Life Media, Inc., et al.,* No. 1:15-cv-07017 (S.D.N.Y.); *John Doe v. Avid Life Media, Inc., et al.*, 2:15-cv-00386 (E.D. Va.).

pleadings. Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) (citing Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir. 1979)). The public has a First Amendment right to access judicial proceedings, and that right includes the identity of the parties to litigation. Chambliss v. Liberty Life Assur. Co. of Boston, No. 13-1685 JRT, 2013 WL 5676486, at *2 (D. Minn. Oct. 18, 2013) (citing Luckett v. Beaudet, 21 F. Supp.2d 1029 (D. Minn. 1998)). Indeed, when a plaintiff commences an action in federal court, he "invites public scrutiny of the dispute and the proceeding." Id.

The decision to allow pseudonyms is within a court's discretion. W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D. Mo. 1999). Neither the Eighth Circuit nor the Supreme Court has addressed the issue of when a pseudonym may be used; however, many federal courts of appeal and numerous district courts have reached this issue. Roe v. St. Louis University, No. 4:08-CV-1474-JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (citing cases). These courts have held that a totality-of-the-circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." Id. (quoting Frank, 951 F.2d at 323 (internal quotations and citation omitted)). The courts have identified several factors common to cases in which a plaintiff has been permitted to proceed under a fictitious name, including "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." Id. (quoting Doe H.M. v. St. Louis County, No. 4:07-CV-2116-CEJ, 2008 WL 151629 at *1 (E.D. Mo. Jan.14, 2008) (citing Frank, 951 F.2d at 323). See also Chambliss, 2013 WL 5676486, at *2.

**Discussion**

In cases involving intensely personal matters, "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy." Southern Methodist Univ., 599 F.2d at 712-13 (citation and internal quotations marks omitted). Courts have generally allowed plaintiffs to litigate under pseudonym in cases involving allegations of sexual abuse and assault because they concern highly sensitive and personal subjects. See e.g., St. Louis University, 2009 WL 910738 (allowing rape victim to use a pseudonym because her privacy interest outweighed the public's right to access judicial records); Doe v. Cabrera, 307 F.R.D. 1, 5 (D. D.C. 2014) (same); Doe H.M. v. St. Louis County, No. 4:07-CV-2116-CEJ, 2008 WL 151629, *1 (E.D. Mo. 2008) (permitting use of pseudonym in case involving child sexual abuse). Likewise, cases involving abortion and birth control use, homosexuality and transsexuality, AIDS, and the welfare of abandoned or illegitimate children, have been deemed to involve information sufficiently sensitive and private to warrant anonymity. Southern Methodist Univ., 599 F.2d at 712-13 (citations omitted); Lindsey v. Dayton-Hydson Corp., 592 F.2d 1118, 1125 (10th Cir. 1979); Doe v. Blue Cross & Blue Shield of Wis., 112 F.3d 869, 872 (7th Cir. 1997); Doe v. Blue Cross & Blue Shield of Rhode Island, 794 F. Supp. 72, 74 (D. R.I. 1992); W.G.A., 184 F.R.D. 616. See also Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981) (plaintiff allowed to proceed anonymously in light of threats of violence made against him for challenging prayer and Bible reading in schools). "The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." Blue Cross & Blue Shield of Rhode Island, 794 F. Supp. at 74 (quoting Doe v. Rostker, 89 F.R.D. 158, 161 (N.D. Cal.1981)).

Here, Plaintiffs assert that being forced to proceed publicly would allow others to scrutinize their extremely sensitive personal, sexual, and financial information, the exact injuries

4

their lawsuit seeks to address, and expose them to the threat of personal humiliation as well as extortion. (Doc. No. 92 at 5) In support of their assertion, Plaintiffs submit articles from newspapers and other public sources reporting attempts to extort Ashley Madison users whose identities have been leaked, as well as suicides linked to the data breach. (See Doc. Nos. 91-1, -2, -3, -4)

In its response, Avid notes that a number of Plaintiffs who have filed similar class action complaints are using their real names,[2] which weakens the argument Plaintiffs are asserting in their motion. Avid argues that Plaintiffs' sexual preferences and habits do not constitute information of the utmost intimacy so as to require anonymity and cites several cases which hold that potential embarrassment and economic harm are not enough to outweigh the public interest in open court proceedings. (Doc. No. 109 at 9-10) See Doe I v. Individuals, 561 F. Supp.2d 249, 257 (D. Conn. 2008) (risk that internet user might be exposed to ridicule or lose his job upon disclosure of his identity was not grounds to allow him to proceed anonymously in defending libel suit brought by college student who had been target of derogatory comments posted anonymously on website); Frank, 951 F.2d at 324 (denial of plaintiff's request to proceed under fictitious name in Rehabilitation Act suit against federal agency that employed him for its alleged discrimination against him on account of his alcoholism was not abuse of discretion; embarrassment to plaintiff of having to admit his alcoholism was not sufficient to outweigh presumption of openness in judicial proceedings); Doe v. Megless, 654 F.3d 404, 408 (3d Cir.

---

[2] Eight named plaintiffs have sued Avid using their real names and seek to represent a class of users of the Ashley Madison website. *Szilvia Berki, et al. v. Avid Life Media, Inc. at al.*, 2:15-cv-08208 (C.D. Cal.); *David Poyet v. Avid Life Media, Inc., et al.*, 2:15-cv-08456 (C.D. Cal.); *Gustavo Alfaro v. Avid Life Media, Inc., et al.*, No. 5:15-cv-02295 (C.D. Cal.); *Grant Deloach v. Avid Life Media, Inc., et al.*, No. 4:15-cv-00299 (S.D. Ga.); *Michael Pauly v. Avid Life Media, et al.*, 1:15-cv-08842 (N.D. Ill.); *Christopher Russell v. Avid Life Media Inc., et al.*, 8:15-cv-02693 (D. Md.); *Matthew Lisuzzo v. Avid Life Media, Inc., et al.*, 1:15-cv-11305 (N.D. Ill.); *Robin Fipps v. Avid Life Media Inc., et al.*, 2:16-cv-00174 (N.D. Ala.). A ninth named plaintiff voluntarily dismissed her lawsuit on March 4, 2016. *Lee E. Campbell, et al. v. Avid Life Media, Inc., et al.*, 2:15-cv-09475 (C.D. Cal.) (See Doc. No. 123)

2011); K.W. v. Holzapple, 299 F.R.D. 438, 442 (M.D. Pa. 2014) (university students were not likely to suffer serious harm from using their actual names in their complaint against university and county for allegedly illegal search of their university-owned fraternity house, and thus were not entitled to proceed anonymously where the only harm alleged was "embarrassment" based on disclosure of possession of drug contraband to news media); Patton v. Entercom Kansas City, LLC, No. CIV.A. 13-2186-KHV, 2013 WL 3524157, at *3 (D. Kan. July 11, 2013) (allegations of damage to one's personal and professional reputation are generally not enough to outweigh the presumption of openness); Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp.2d 444, 453 (D. Mass. 2011) (potential embarrassment of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing defendants to proceed anonymously). Moreover, the personal and financial information Plaintiffs seek to protect has already been released on the internet and made available to the public. (Doc. No. 109 at 6-7)

In further response, Avid argues it will be significantly prejudiced if Plaintiffs are allowed to proceed anonymously, both in terms of adverse publicity and its ability to conduct discovery. (Doc. No. 109 at 12-14) However, Plaintiffs have disclosed their real names to Avid pursuant to the parties' agreed upon limited protective order. A similar limited protective order can be used to protect other sensitive information as the case proceeds. Thus, the Court finds Avid's ability to conduct discovery or mount a defense will not be impaired. Roe v. Catholic Health Initiatives Colorado, No. 11-CV-02179-WYD-KMT, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012).

Plaintiffs' privacy interests are not as pronounced as those in the cases discussed above. Nevertheless, the Court finds the possible injury to Plaintiffs rises above the level of mere embarrassment or harm to reputation and weighs against public disclosure. Under the facts

alleged, it appears this may be a case where the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998). The disclosure of Plaintiffs' identities could expose their sensitive personal and financial information - information stolen from Avid when its computer systems were hacked - to public scrutiny and exacerbate the privacy violations underlying their lawsuit.

At the same time, there is a compelling public interest in open court proceedings, particularly in the context of a class action, where a plaintiff seeks to represent a class of consumers who have a personal stake in the case and a heightened interest in knowing who purports to represent their interests in the litigation. See Michael v. Bloomberg L.P., No. 14-CV-2657 (TPG), 2015 WL 585592 (S.D. N.Y. Feb. 11, 2015), where the court rejected an FLSA plaintiff's request to proceed under pseudonym on behalf of himself and others similarly situated, finding his possible interest in anonymity was outweighed by the public's interest in disclosure. Although the plaintiff offered to disclose his true identity to Bloomberg under seal, the court found this arrangement "still runs against the public's traditional right of access to judicial proceedings, and may also preclude potential class members from properly evaluating the qualifications of the class representative." Id. at *4.

The Court has balanced Plaintiffs' interest in anonymity against any potential prejudice to Avid and the public's interest in disclosure. The Court finds the possible injury to Plaintiffs resulting from public disclosure of their identities rises above the level of mere embarrassment or harm to reputation. With respect to any prejudice to Avid, the Court notes that Plaintiffs have already agreed to provide Avid with their names subject to a protective order, thereby alleviating a barrier to defending the case.

The Court has also considered the fact that these Plaintiffs are seeking to represent a putative class of users of the Ashley Madison website. There are significant differences between

the roles of class representative and class member. Because class actions determine the rights of absent class members, due process requires the class be fairly and adequately represented. See Rattray v. Woodbury Ct., IA, 614 F.3d 831, 835 (8th Cir. 2010); Paxton v. Union Nat. Bank, 688 F.2d 552, 562-63 (8th Cir. 1982); Fed. R. Civ. P. 23(a)(4). "The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." Paxton, 688 F.2d at 562-63. See also Golan v. Veritas Entertainment, LLC, 788 F.3d 814, 822 (8th Cir. 2015). Class representatives have a fiduciary obligation to fairly represent the entire class, In re BankAmerica Corp. Securities Litigation, 775 F.3d 1060, 1062 n. 1 (8th Cir. 2015) and Reynolds v. National Football League, 584 F.2d 280, 284 n.6 (8th Cir. 1978), and generally receive an incentive award as compensation for work done on behalf of the class. Given the importance of the role of class representative, the Court will require Plaintiffs to disclose their identities so that the public, including the putative class members they seek to represent, know who is guiding and directing the litigation. Because class members are not typically testifying or offering evidence, they do not need to be specifically identified by name in order to be part of the litigation; they merely need to be identifiable.

Before the consolidated complaint is filed, Plaintiffs currently proceeding under pseudonym who are seeking to serve as class representatives must decide whether to proceed using their real names or dismiss their complaints and proceed, without publicly disclosing their names, as class members – if and when a class is certified. The Court believes this balancing of the equities does not deny a remedy to those Plaintiffs wishing to remain anonymous. Plaintiffs reply that forcing some of them to drop their claims could leave a number of subclasses without a named representative. (Doc. No. 117 at 7) The possibility that subclasses might not be

represented is purely speculative at this stage of the proceedings. If this situation were to occur, the Court can revisit its order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Proceed under Pseudonyms [91] is **DENIED** in part in accordance with the rulings herein.

Dated this 6th day of April, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**