UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| IN RE ASHLEY MADISON CUSTOMER | ) | |
| DATA SECURITY BREACH LITIGATION | ) | MDL No. 2669 |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery Directed to the Avid Defendants. (Doc. No. 207) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted in part.

Based upon the parties' joint proposed scheduling plan for limited discovery and briefing related to Defendants' contemplated motion to stay and compel arbitration (Doc. No. 182), on July 1, 2016, the Court entered a scheduling order for written discovery reasonably necessary to address the issues likely to be raised in Defendants' contemplated motion (Doc. No. 189). The parties disagree on the scope of that discovery.

Plaintiffs contend the purpose of the pending discovery is to explore all evidence probative of whether Plaintiffs entered into a binding agreement to arbitrate their claims, a fact-intensive determination. To that end, Plaintiffs seek to discover the exact nature of the sign-up, sign-on, and purchase processes as they existed during the relevant time periods, the exact layout and sequence of pages through which a Plaintiff progressed as he signed onto and later used the Ashley Madison website, exactly how the terms and conditions were presented and displayed (if at all) during each step, exactly what the website required a Plaintiff to do in order to manifest assent to terms and conditions (and when), whether that step was actually required by website design or could be circumvented, whether and how Defendants collected data evidencing any Plaintiffs' alleged assent, how the website was designed to ensure knowing assent, and whether

1

and how Defendants notified a Plaintiff of changes in the terms and conditions. Plaintiffs have agreed to limit the scope of most of their requests to the 18 named Plaintiffs, as opposed to all Ashley Madison users, which the Court finds appropriate since no class has been certified at this point.[1]

Defendants object to Plaintiffs' discovery requests on the grounds that they seek documents and information that exceed the "limited discovery" ordered by the Court. Defendants take the position that only discovery regarding the registration process and clickwrap agreement is necessary to address their arbitration motion, citing Burcham v. Expedia, No. 4:07CV1963 CDP, 2009 WL 586513 (E.D. Mo. Mar. 6, 2009). To that end, Defendants have produced screen shots of the sign up pages Plaintiffs were required to complete to create an account and the dates on or about which each version appeared on the website; images of "dialog boxes" by which certain Plaintiffs allegedly confirmed their agreement to the updated Terms and Conditions and the dates of which they so agreed; copies of the Ashley Madison homepage as it appeared on or about the dates on which each produced version of the Terms and Conditions appeared on the website; and each version of the Terms and Conditions posted on the website through July 20, 2015 and the time period each version was available on the website. Defendants also produced Comma-Separated Values (CSV) data with associated text files apparently containing information about Plaintiffs' account profiles and activities on the website, but without any explanation of the origin of the data or how it was generated, what the entries mean, or which of Plaintiffs' discovery requests each data file purports to respond to.

---

[1] Plaintiffs still seek documents and information regarding how many Ashley Madison *users* actually viewed or scrolled through the terms and conditions and during what time periods. (See, e.g., Interrogatory Nos. 12-13; Request for Production Nos. 28-30) Because this information is not reasonably necessary to address Defendants' motion to compel arbitration, Plaintiffs' motion to compel will be denied as to these requests.

Upon review, the Court finds Defendants' discovery responses incomplete. Whether Plaintiffs will be permitted to proceed with this class action, or instead be compelled to individually arbitrate their claims, is a significant enough issue that Plaintiffs are entitled to full and complete discovery on the question of arbitrability as it relates to the 18 named Plaintiffs during the time period they were accessing the Ashley Madison web site.[2] Specifically, Plaintiffs are entitled to:

- exemplars of each version of the Ashley Madison home page or application screen displayed to them when they first accessed the Ashley Madison website;

- exemplars of each version of the complete sequence of any Ashley Madison web pages, application screens, or other user interfaces accessed by Plaintiffs to enroll in, log into, and make purchases on the site;

- exemplars of each version of any Ashley Madison web pages or application screens or other user interfaces that required Plaintiffs to affirmatively acknowledge awareness of or agreement to the Terms and Conditions before further utilizing the Ashley Madison website;

- documents sufficient to identify the time period(s) each such version was active/live on the site, and show the differences between any such versions;

- web server logs or other documents that demonstrate whether any Plaintiff actually viewed web pages, including Terms and Conditions, or whether any record was made of any Plaintiff manifesting assent to any Term; and

---

[2] On August 2, 2016, the case of *Scharf v. Avid Life, et al.*, No. 16-00225 (E.D. Ark.), was transferred to this Court for consolidated pretrial proceedings. (Doc. Nos. 198, 199) Should Mr. Scharf be joined to the consolidated amended class action complaint as the nineteenth named plaintiff, then this discovery order shall apply to him as well.

- individualized data relating to Plaintiffs' use of the Ashley Madison website in a standardized file format that corresponds to Plaintiffs' specific requests.

The Court notes Defendants have already identified the name (provided by Plaintiffs), username, account number, date the account was created, and date of last log in for Ashley Madison accounts created by Plaintiffs. (See Response to Interrogatory No. 2, Doc. No. 208)

Should Plaintiffs contend that a Rule 30(b)(6) deposition remains necessary after Defendants have fully responded and produced all documents responsive to their discovery requests, then they may file a motion for the Court's consideration.

To the extent Plaintiffs seek to discover all of the variations of the website's Terms and Conditions as they evolved over time, from genesis to the filing of the instant action, the Court finds this goes beyond the bounds of the limited discovery contemplated for purposes of addressing a motion to stay and compel arbitration. While this evidence could be relevant for the various class members and subject to discovery following class certification, at this juncture, no class has been certified. Thus, this evidence is not reasonably necessary for the named Plaintiffs to address the motion to compel arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery [207] is **GRANTED** in part in accordance with the rulings herein.

Dated this 24th day of August, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**