UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION <br><br>This Document Relates to:<br><br>ALL CASES | MDL No. 2669 <br><br> Case No. 4:15MD2669 JAR |

## AVID'S MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION

Defendants Avid Dating Life Inc. ("Avid Dating Life") and Avid Life Media Inc. ("Avid Life Media") (together, "Avid") respectfully move this Court for an order (i) dismissing Plaintiffs' claims or, in the alternative, staying any further litigation of Plaintiffs' claims in this Court; and (ii) compelling Plaintiffs to arbitrate their claims.[1] As more fully set forth in Avid's Memorandum of Law in Support of the Motion to Dismiss or Stay and Compel Arbitration, which is being filed contemporaneously herewith, the Court should grant Avid's motion for the following reasons:

1. Plaintiffs each agreed when they created one or more Ashley Madison accounts to be bound by the Terms and Conditions of the website. Those Terms and Conditions require Plaintiffs to arbitrate their claims and prohibit Plaintiffs from proceeding by class action.

2. The arbitration clause in the Ashley Madison Terms and Conditions is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et seq*. Pursuant to the FAA and

---

[1] Defendants make this motion subject to and without waiver of the defenses they may raise in response to Plaintiffs' Amended Consolidated Class Action Complaint, including defenses related to personal jurisdiction and forum selection.

controlling case law interpreting the FAA, the Court must direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been entered.

**WHEREFORE,** for the foregoing reasons and the reasons stated in Avid's Memorandum in Support, the Court should grant Avid's Motion and enter an order (i) dismissing Plaintiffs' claims or, in the alternative, staying any further litigation of Plaintiffs' claims in this Court; (ii) compelling Plaintiffs to arbitrate their claims; (iii) awarding Avid its costs; and (iv) for such further relief as the Court deems appropriate under the circumstances.

Respectfully Submitted:


Bryan Cave LLP

By: /s/ Richard P. Cassetta

Richard P. Cassetta  MO #43821
Helen C. Looney MO #67029
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
richard.cassetta@bryancave.com
helen.looney@bryancave.com

and

Robert A. Atkins (NY #2210771)
Yahonnes S. Cleary (NY #4802492)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3183
Facsimile:  (212) 492-0183
ratkins@paulweiss.com
ycleary@paulweiss.com


Counsel for Avid Dating Life Inc. & Avid Life Media Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the foregoing were served upon the attorneys of record via operation of the Court's electronic filing system on the 29th day of August, 2016.

/s/ Richard P. Cassetta