# Exhibit C to
# Stipulation of Settlement
# (Long Form Notice)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION | ) MDL No. 2669 ) ) Case No. 4:15-MD-02669-JAR ) |
| This Document Relates to: | ) ) ) |
| ALL CASES | ) |

**NOTICE OF CLASS ACTION SETTLEMENT**

**If you used AshleyMadison.com on or before July 20, 2015, you <u>may</u> be eligible to receive benefits from a class action settlement.**

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- A proposed Settlement has been reached in a class action lawsuit involving the Ruby Corp. (previously named Avid Life Media Inc.) and Ruby Life Inc. (previously named Avid Dating Life Inc.) (together, "Avid") owned website AshleyMadison.com, and Noel Biderman, Avid's former Chief Executive Officer (altogether, "Defendants").  The Settlement resolves litigation over a data security breach by an unauthorized person or persons who publicly released personal information of Ashley Madison customers.

- The Parties have agreed to settle the Action in its entirety, without any admission of liability by Defendants.

- The Settlement Class includes all residents of the United States of America who used Ashley Madison on or before July 20, 2015.

- Eligible Claimants are the Settlement Class Members who used Ashley Madison on or before July 20, 2015, including, but not limited to, all persons whose Personal Information was compromised or released publicly as a result of the Data Breach,  who purchased the Paid Delete or Full Delete option on Ashley Madison, who suffered losses as a result of the Data Breach, or who purchased credits and have a good faith belief that they used those credits to interact with "engagers" or "bots" on Ashley Madison.

- Your rights are affected whether you act or do not act. <u>Read this Notice carefully</u>.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you submit a Claim Form, you will give up the right to sue Defendants in a separate lawsuit about the claims this Settlement resolves. The deadline to submit a Claim Form is [date]. |

QUESTIONS? CALL [PHONE NUMBER] TOLL-FREE,
VISIT www.WebsiteDataBreach.com or WebsiteDataBreach@AdministratorClassAction.com

| | |
|---|---|
| **ASK TO BE EXCLUDED (OPT-OUT)** | If you decide to exclude yourself, you will keep the right to sue Defendants in your own separate lawsuit about the claims this Settlement resolves, but you give up the right to receive the benefits this Settlement provides. The deadline to request exclusion from the Settlement is [date]. |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself from the Settlement, you may object to it by following the procedures below and submitting your specific objection in writing. The deadline to object to the Settlement is [date]. |
| **DO NOTHING** | If you do nothing, you will not receive the benefits that this Settlement provides and you will give up the right to sue Defendants in a separate lawsuit about the claims this Settlement resolves. |

### 1. Why is there a Notice?

A Federal Court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, and who is eligible to receive them.

Judge John A. Ross of the United States District Court for the Eastern District of Missouri is overseeing this class action. The case is known as *In Re Ashley Madison Customer Data Security Breach Litigation*, Case No. 4:15-MD-02669-JAR (E.D. Mo.).

### 2. What is this lawsuit about?

In June 2015, Avid announced that it has experienced an intrusion of its computer network by an unauthorized person or persons who subsequently publicly released personal information of Avid customers.

The Action was filed after Avid's announcement of the Data Breach. In the Action, Plaintiffs allege violation of the Racketeer Influenced and Corrupt Organizations Act; violation of the Federal Stored Communications Act; negligence; negligence *per se*; breach of implied contract; breach of contract; unjust enrichment; negligent misrepresentation; violation of state consumer fraud and protection statutes; violation of the California Customer Records Act; and violation of state data breach notice statutes.

The Parties now agree to settle the Action in its entirety, without any admission of liability by Defendants. The Parties intend this Agreement to bind Settlement Class Representatives, Defendants, and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement.

### 3. What is a class action?

In a class action, one or more people called Plaintiffs or Class Representatives (in this case, Brian Farr, Steven Coward, Marc Benefield, Nhung Truong, Gustavo Alfaro, David Yagel, John Hiles III, Matthew Lisuzzo, Britt Garrett, Christopher Russell, David Miller, James Mike Shows, Todd Witengier, Byron Goetting, Marvin Cabiness, Keith Macomber, Paul Jack, and Anthony Imbarrato) sue on behalf of other people who have similar claims.  The people included in the class action are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Class Members, except for those who timely exclude themselves from the Class.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to this Settlement, in order to avoid the cost and burden of further litigation and so the Class Members can receive benefits. The Class Representatives and their attorneys believe the Settlement is a fair and reasonable resolution of the claims asserted in this lawsuit.

### 5. How do I know whether I am part of the Settlement?

You are part of the Settlement Class if you are a United States resident who used Ashley Madison on or before July 20, 2015.

Excluded from the Settlement Class are the judge presiding over this matter, any members of his judicial staff, the officers and directors of Avid, and persons who timely and validly request exclusion from the Settlement Class.

### 6. What if I am still not sure whether I am part of the Settlement?

If you are not sure whether you are included in the Settlement Class, you can call toll-free [phone number], visit the Settlement Website: www.WebsiteDataBreach.com, or send an email to the Settlement Administrator at WebsiteDataBreach@AdministratorClassAction.com.

### 7. How do I know if I am eligible for monetary Settlement benefits?

All Settlement Class Members who are Eligible Claimants and submit valid and timely Claims are eligible to receive monetary benefits. Eligible Claimants are the Settlement Class Members who used Ashley Madison on or before July 20, 2015 including, but not limited to, all persons whose Personal Information was compromised or released publicly as a result of the Data Breach,  who purchased the Paid Delete or Full Delete option on Ashley Madison, who suffered losses as a result of the Data Breach, or who purchased credits and have a good faith belief that they used those credits to interact with "engagers" or "bots" on Ashley Madison.  To read more about submitting a Claim Form, see section 9 below.

### 8. What are the Settlement benefits?

The Settlement creates a Settlement Fund in the total amount of up to $11,200,000.  The Settlement Fund shall be applied to pay, in the following order:

(1) All costs and payments associated with the Notice Program and administration of the Settlement Fund, including all payments to the Settlement Administrator;
(2) Any necessary taxes and tax expenses on the Settlement Fund;
(3) Any award of attorneys' fees and costs as approved by the Court to Class Counsel under the Settlement Agreement;
(4) Any Service Award as approved by the Court, but in no event to exceed $5,000 per Class Representative; and
(5) Cash benefits submitted by the Settlement Class Member.

Each Settlement Class Member may file a Claim that will, if determined by the Settlement Administrator to be a valid and legitimate Claim, entitle the Class Member to a cash payment and distribution from the Settlement Fund as follows:

(1) First, Settlement Class Members who submit a Valid Claim Form and Reasonable Documentation demonstrating that he or she purchased Full Delete on or prior to July 20, 2015 and his or her Personal Information was released publicly as a result of the Data Breach will have a recognized loss of nineteen dollars ($19) for each Full Delete purchase. In the case that a Settlement Class Member purchased more than one Full Delete, Settlement Class Members submitting such a claim shall in no event have a recognized loss greater than five hundred dollars ($500).

(2) Second, Settlement Class Members who submit a Valid Claim Form and Reasonable Documentation demonstrating that he or she purchased or used credits and have a good faith belief that they used those credits to communicate with Engagers will have a recognized loss equal to one dollar ($1) for every one dollar ($1) spent for such purpose. Settlement Class Members submitting such a claim shall in no event have a recognized loss greater than five hundred dollars ($500).

(3) Third, Settlement Class Members who submit a Valid Claim Form and Reasonable Documentation of any unreimbursed loss caused by the Data Breach not described above, including, but not limited to, alleged identity theft, will have a recognized loss equal to one dollar ($1) for every one dollar ($1) spent for such purpose. Settlement Class Members submitting such a claim shall in no event have a recognized loss greater than two thousand dollars ($2000) for such unreimbursed loss.

(4) If the total recognized loss for the Claims in Sections (1) to (3) exceed the Net Settlement Fund, the Net Settlement fund will be allocated on a pro rata basis based on each claims recognized loss as compared to all recognized loss for all Claims described in sections (1) to (3). If total recognized loss for the Claims described in sections (1) to (3) equal or exceed the Net Settlement Fund, claims made pursuant to Section (6) shall not receive a distribution.

(5) If the total recognized loss for the Claims in Sections (1) to (3) is less than or equal to the Net Settlement Fund, Claims made under Sections (1) to (3) will receive a distribution equal to their recognized loss.

(6) Any funds remaining in the Settlement Fund after the above payments shall be distributed as follows:

  i. Remaining funds will be divided equally amongst Settlement Class Members who submit a Valid Claim Form and Reasonable Documentation demonstrating that his or her Personal Information was released publicly as a result of the Data Breach. Settlement Class Members submitting such a claim are eligible to receive no more than five hundred dollars ($500) for such claim. In the event that the pro rata distribution of funds to these class members is less than $10, i.e., it is impractical, the remaining Net Settlement Fund shall not be distributed to Class Member making a claim under this Section but rather distributed pursuant to below:

  ii. If the amounts paid above do not exhaust the Settlement Fund (or the cost to administer and distribute payment makes distribution impractical), then the remaining funds in the Settlement Fund will be donated to one or more Internal Revenue Code Section 501(c)(3) charitable digital privacy or similar organizations chosen jointly by Class Counsel (on behalf of the Settlement Class) and Defendants (a "Charity").

As soon as practicable after the Claims Deadline and subject to any deficiency or denial process under section 8.5 herein, cash benefits will be distributed pursuant to section 8 herein up to a maximum of three thousand five hundred dollars ($3,500) per class member. In no event shall the cash benefits be distributed prior to the Effective Date.

Business Practice Changes
Avid has implemented numerous remedial measures to further enhance the security of its customers' data, including, but not limited to, the measures set out below. These measures remain in effect as of the date of the Settlement Agreement:

 i. Completed a comprehensive third-party review of the protections it has in place to secure personal information;
 ii. Implemented an enhanced comprehensive information security program to protect the security, confidentiality, and integrity of personal information collected from consumers;
 iii. Created and filled the position of Chief Information Security Officer;
 iv. Provided the Full Delete option free of charge;
 v. Updated its practices related to the retention of Personal Information of users who are inactive or have deactivated their accounts to ensure that it is not holding Personal Information beyond an appropriate retention period; and
 vi. Implemented enhanced mandatory security training for employees.

Avid further represents that after the announcement of the Data Breach and the filing of this Action, Avid searched for websites that had posted actual or alleged copies of the hacked personal information and also reviewed other websites posting such information that were brought to its attention. For each site that it determined violated applicable terms and conditions or law, Avid sent takedown letters to the website's owners or service providers. After Avid issued such letters, many of the websites removed the offending content, including, for example, ashleymadisonleakeddata.com, www.cheaterleak.com, checkashleymadison.com, and isheonthelist.weebly.com.

The Parties further acknowledge that after the filing of this Action, Avid entered into discussions with the Federal Trade Commission, the states of Alaska, Arkansas, Hawaii, Louisiana, Maryland, Mississippi,

North Dakota, Nebraska, New York, Oregon, Rhode Island, Tennessee, and Vermont, and the District of Columbia for the purpose of resolving allegations that it had deceived Ashley Madison customers, including the Settlement Class Members, and failed to protect their account and profile information in relation to the Data Breach.  As a consequence, Avid entered into a settlement agreement requiring it to implement a comprehensive data security program for the benefit of its customers, including the Settlement Class Members, including third party assessments, and a payment of $1,657,000 to resolve claims of consumer deception and other claims similar to those alleged in this Action.  This payment was made by Avid with no admission of liability.

The foregoing paragraphs recite only some of the business practice changes and other actions that Avid has undertaken following the Data Breach and the filing of this Action.  The recitation of these actions is intended to provide information to Class Members and the Court about some of Avid's actions following the Data Breach and the filing of this Action relating to the Data Breach.  Avid may, in its discretion, amend the business practices described above or adopt other or alternate cybersecurity business practices in the future that are consistent with the business practices described above.

### 9. How do I get benefits and what is the Claim Period?

In order to receive monetary benefits under this Settlement, Eligible Claimants should submit a Claim Form to the Settlement Administrator.  The deadline for submitting Claim Forms is [date] if submitted online via the Settlement Website www.WebsiteDataBreach.com, or must be postmarked by [date] if submitted by U.S mail to the Settlement Administrator at:

>Website Data Breach
>Settlement Administrator
>1801 Market Street, Suite 660
>Philadelphia, PA 19103

Claim Forms can also be downloaded from www.WebsiteDataBreach.com , by calling toll-free [phone number], emailing the Settlement Administrator at WebsiteDataBreach@AdministratorClassAction.com, or by mailing a request to the Settlement Administrator at the address set forth above.

To receive a payment, you must submit a timely Claim Form with information sufficient to establish that you created an account at AshleyMadison.com, purchased a Full Delete option, suffered losses attributable to the data breach, or purchased credits, and comply with the instructions set forth in the Claim Form.

### 10. What rights am I giving up to receive benefits and stay in the Settlement Class?

Unless you timely exclude yourself, you will remain in the Settlement Class. If the Settlement is approved and becomes final, you will not be able to sue Defendants regarding the legal claims that were litigated in this case, but you will be able to submit a Claim Form to receive benefits from this Settlement. The specific rights you are giving up are called Released Claims.

### 11. What are the Released Claims?

As of the Effective Date, the Settlement Class Representatives and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective heirs, assigns, beneficiaries and successors (the "Releasing Parties") shall automatically be deemed to have fully and irrevocably released and forever discharged Defendants (the "Released Parties") of and from any and all liabilities, rights, claims, actions, causes of action, demands, lawsuits, arbitrations, damages, penalties,

costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action, or which could have been alleged in this Action, including, without limitation, all liabilities, rights, claims, actions, causes of action, demands, lawsuits, arbitrations, damages, penalties, costs, attorneys' fees, losses, and remedies, or remedies relating to, based upon, resulting from, or arising out of: (1) the theft, exposure or disclosure of Settlement Class Members' Personal Information; (2) Defendants' maintenance and storage of Settlement Class Members' Personal Information; (3) Defendants' information security policies and practices; (4) Defendants' notice of the Data Breach to Settlement Class Members; and (5) the Settlement Class Members' use of Ashley Madison, including, but not limited to, creating an Ashley Madison account, using the website to communicate with other members, or purchasing credits, the Paid Delete or Full Delete service, or other services available on Ashley Madison (the "Released Claims").

With respect to the Released Claims, each Settlement Class Member shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law).  Section 1542 provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States, including, but not limited to, the Racketeer Influenced and Corrupt Organizations Act, the Federal Stored Communications Act, state consumer fraud and protection statutes, state data breach notice statutes, and the California Customer Records Act; claims under the common or civil laws of any state or other jurisdiction in the United States, including, but not limited to, negligence, negligence per se, breach of contract, breach of implied contract, unjust enrichment, misrepresentation (whether fraudulent, negligent, or innocent), bailment, conversion, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states or jurisdictions in the United States; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

Upon entry of the Final Approval Order, the Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order.  It is further agreed that the Settlement Agreement may be pleaded as a complete defense to any proceeding subject to this section.

None of the above releases include releases of claims or otherwise affect the Parties' rights to enforce the

terms of the Settlement Agreement.

The Settlement Agreement, available at www.WebsiteDataBreach.com contains additional information about Released Claims.

## 12. How do I exclude myself from the Settlement?

Settlement Class Members have the right to request exclusion from (*i.e.*, opt out of) the Settlement Class by sending a written request for exclusion to the Settlement Administrator postmarked by [date]. Requests for Exclusion <u>must be mailed</u> to:

Website Data Breach
Attn: Exclusions
1801 Market Street, Suite 660
Philadelphia, PA 19103

Requests for exclusion <u>must</u>: (a) Include the individual's real name and address; (b) Contain a statement that he/she wants to be excluded from this Action; and (c) Must be signed personally by the Settlement Class Member who is requesting exclusion.

No request for exclusion will be valid unless it complies with these requirements. Persons falling within the definition of the Settlement Class who validly and timely request exclusion from the Settlement Class shall not be Settlement Class Members, shall not be bound by the Settlement and shall not be eligible to make a Claim for any benefit under the terms of the Settlement.

## 13. How do I object to the Settlement?

Settlement Class Members have the right to object to the Settlement and/or to Class Counsel's application for Attorneys' Fees, Costs and Expenses.

Any Settlement Class Member who intends to object to the Settlement Agreement must do so no later than sixty (60) calendar days after the Notice Date (the "Objection Deadline"). In order to object, the Settlement Class Member must file a notice of appearance with the Court (if represented by counsel), and file with the Court and provide a copy to Class Counsel and Defendants' Counsel, a hand signed document that includes:

(a) The real name, address, telephone number, and, if available, the email address of the person objecting, and if represented by counsel, of his/her counsel;
(b) Specifically and in writing, each objection and the grounds for each objection, accompanied by any legal support for the objection;
(c) Whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;
(d) A statement sufficient to establish his/her membership in the Settlement Class, including all information required by the Claim Form;
(e) A detailed list of any other objections submitted by the Settlement Class Member, and/or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five

(5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement Agreement;

(f) Any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity; and

(g) The objector's signature on the written objection (an attorney's signature is not sufficient).

| COURT | CLASS COUNSEL | AVID'S COUNSEL | NOEL BIDERMAN'S COUNSEL |
|---|---|---|---|
| Clerk's Office<br>United States District Court<br>Eastern District of Missouri<br>111 South 10th Street, Suite 3.300<br>St. Louis, MO 63102 | Douglas P. Dowd<br>**Dowd & Dowd, P.C.**<br>211 North Broadway, Suite 4050<br>St. Louis, MO 63102<br><br>John J. Driscoll<br>**The Driscoll Firm, P.C.**<br>211 No. Broadway, 40th Floor<br>St. Louis, MO 63102<br><br>W. Lewis Garrison, Jr.<br>**Heninger Garrison Davis, LLC**<br>2224 1st Avenue North<br>Birmingham, Alabama 35203 | Richard P. Cassetta<br>**Bryan Cave LLP**<br>One Metropolitan Square<br>211 North Broadway Suite 3600<br>St. Louis, MO 63102<br><br>Robert A. Atkins<br>**Paul, Weiss, Rifkind & Garrison, LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | William S. Ohlemeyer<br>Christopher M. Green<br>Ian M. Dumain<br>**Boies Schiller Flexner LLP**<br>333 Main Street<br>Armonk, NY 10504 |

## 14. Who are the attorneys appointed to represent the Settlement Class?

The Court has appointed the following lawyers to represent you and the other Settlement Class Members:

| | | |
|---|---|---|
| Douglas P. Dowd<br>**Dowd & Dowd, P.C.**<br>211 North Broadway, Suite 4050<br>St. Louis, MO 63102 | John J. Driscoll<br>**The Driscoll Firm, P.C.**<br>211 No. Broadway, 40th Floor<br>St. Louis, MO 63102 | W. Lewis Garrison, Jr.<br>**Heninger Garrison Davis, LLC**<br>2224 1st Avenue North<br>Birmingham, Alabama 35203 |

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will the lawyers be paid?

Class Counsel (set forth in the preceding section) will petition the Court for an award of attorneys' fees in an amount not to exceed one third of the total $11.2 million value of the Settlement Fund, exclusive of interest accumulated, along with Class Counsel's reasonable costs and expenses.

Class Counsel will petition the Court for approval of Service Awards not to exceed $5,000 for each Class Representative, which are intended to compensate such individuals for their efforts in the litigation and commitment on behalf of the Settlement Class. If approved, these amounts will be deducted from the Settlement Fund as described in Section 8 above.

### 16. When will the Court decide final approval of the Settlement?

The Court will hold a hearing at [time a.m/p.m] on [day/month/year], at the United States District Court for the Eastern District of Missouri located at 111 South 10th Street, Suite 3.300, St. Louis, MO 63102 to decide whether to grant final approval of the Settlement. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will also consider Class Counsel's application for an award of attorneys' fees and expenses, and the proposed service awards. Settlement Class Members are welcome to attend the Final Approval Hearing but it is not necessary for them to attend to receive their benefits under the Settlement. The Settlement will not become final until the Court grants final approval of the Settlement and any appeals have been resolved.

### 17. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement, which is available at www.WebsiteDataBreach.com. You may can also call toll-free [phone number], or write to the Settlement Administrator by mail or email:

Website Data Breach
Settlement Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103