# Exhibit 2 to
# Motion for Preliminary Approval of Settlement
# (Proposed Order)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: ASHLEY MADISON CUSTOMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> ) <br> This Document Relates to: ) <br> ) <br> ALL CASES ) <br> ) | MDL No. 2669 <br><br> Case No. 4:15-MD-02669-JAR |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, DIRECTING NOTICE TO THE CLASS, SCHEDULING A FINAL APPROVAL HEARING, AND CERTIFIYING A SETTLEMENT CLASS**

**I. INTRODUCTION**

Plaintiffs Brian Farr, Steven Coward, Marc Benefield, Nhung Truong, Gustavo Alfaro, David Yagel, John Hiles III, Matthew Lisuzzo, Britt Garrett, Christopher Russell, David Miller, James Mike Shows, Todd Witengier, Byron Goetting, Marvin Cabiness, Keith Macomber, Paul Jack, and Anthony Imbarrato, individually and on behalf of the Settlement Class (the "Class Representatives" or "Plaintiffs"), and Defendants Ruby Corp. (previously named Avid Life Media Inc.) and Ruby Life Inc. (previously named Avid Dating Life Inc.) (together, "Avid), and Noel Biderman (altogether, "Defendants") have reached a proposed settlement, as set forth in the parties' Stipulation of Settlement (the "Stipulation" or the "Settlement"). Plaintiffs, on behalf of themselves and the Settlement Class (as hereinafter defined), have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order: (1) granting preliminary approval of the Settlement in the above-captioned litigation (the "Action") in accordance with the Stipulation; (2) dismissing of the Action with prejudice as against all of the Released Parties (as defined in the Stipulation), upon the terms and conditions set forth in the Stipulation; (3) certifying

of the Action as a class action for settlement purposes only; (4) appointing the Representative Plaintiffs as Class Plaintiffs and the law firms of The Driscoll Firm, P.C., 211 N. Broadway, 40th Floor, St. Louis, Missouri 63102; Heninger Garrison Davis, LLC, 2224 1st Avenue North, Birmingham, Alabama 35203 and Dowd & Dowd, P.C., 211 North Broadway, Suite 4050, St. Louis, Missouri 63102 as Class Settlement Counsel; (5) scheduling a Final Approval hearing and establishing all related deadlines; (6) directing that notice be provided to the Class in accordance with the Notice Program; and (7) preliminarily enjoining all Class Members who have not opted out from pursuing, as class members, actions based on or relating to the claims to be released by the Class Agreement; and further enjoining all persons from pursuing a lawsuit in any jurisdiction involving Class Members who have not timely excluded themselves that is based on or relating to the claims to be released by the Class Agreement.

On July 20, 2015, Avid announced that it had been the victim of an intrusion of its computer network by an unauthorized person or persons who subsequently publicly released personal and account information of Avid customers. Following the announcement, multiple putative class action lawsuits were filed against Avid related to its alleged inadequate data security practices and to alleged misrepresentations regarding Ashley Madison, an online data website owned and operated by Avid Dating Life since 2007.  Two of these lawsuits also named Noel Biderman, former Chief Executive Officer of Avid Life Media, as a defendant.

Since December 9, 2015, the United States Judicial Panel on Multidistrict Litigation ("JPML") has transferred twenty-four Data Breach Cases to the United States District Court for the Eastern District of Missouri (the "Court") for coordinated or consolidated pretrial proceedings under docket number 4:15-md-02669-JAR.  The multi-district litigation has been assigned to Judge John A. Ross. On January 7, 2016, the Court ordered Plaintiffs to file a consolidated class action

complaint (ECF No. 75). On June 3, 2016, Plaintiffs filed a Consolidated Class Action Complaint (ECF No. 180), which they amended on June 24, 2016 (ECF No. 186). On July 1, 2016, the Court issued an order for limited discovery and briefing related to anticipated motions to compel arbitration by Defendants (ECF No. 189.).

On August 29, 2016, Defendants moved to dismiss or stay and to compel arbitration based on an arbitration clause and class action waiver contained in the Ashley Madison Terms and Conditions ("Arbitration Motion"). Plaintiffs opposed Defendants' Arbitration Motions, which remain pending before the Court. While the Arbitration Motion was pending, the parties began settlement discussions. (Settlement at 2-3).

This matter has now come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Certification of a Settlement Class (the "Motion").

The Court finds that it has jurisdiction over the Action, the Parties, and all Settlement Class Members for purposes of settlement under 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d).

The Court held a Preliminary Approval Hearing on July 21, 2017, and has considered all of the presentations and submissions related to the Motion and is otherwise fully advised of all relevant facts in connection therewith, and has found good cause for entry of the following Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1) This Order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set for the in the Stipulation;

(2) The Court, having fully reviewed Plaintiffs' unopposed Motion, the supporting Memorandum and Declarations filed in support thereof, determines that the Settlement appears to be the product of thorough, serious, informed, and non-collusive negotiations between experienced

attorneys familiar with the legal and factual issues of this case; has no obvious deficiencies; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, such that preliminary approval of the Settlement should be granted, notice of the Settlement should be directed to the Settlement Class Members, and a Final Approval Hearing should be set; and

(3) The Court enjoins all members of the Settlement Class from filing, commencing, prosecuting, continuing to prosecute, supporting, intervening in, or participating as plaintiffs, claimants, or class members in the Related Actions or in any other lawsuit, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims, or the facts and circumstances at issue, in this Action, the Related Actions, and/or the Released Claims unless and until (i) they have been excluded from the Settlement by action of the Court, (ii) termination of this Settlement, or (iii) the Judgment or Final Judgment becomes Final, whichever occurs earliest..

Accordingly, the Motion is GRANTED.

## II. THE SETTLEMENT CLASS

The Court hereby certifies, for settlement purposes only pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as follows:

All residents of the United States of America who used Ashley Madison during the Settlement Class Period (as defined in paragraph 2.32 of the Stipulation), including, but not limited to, all persons whose Personal Information was compromised or released publicly as a result of the Data Breach, who purchased the Paid Delete or Full Delete option on Ashley Madison on or before July 20, 2015, or who purchased credits or account upgrades on Ashley Madison or otherwise paid to use Ashley Madison.

The following entities and individuals are excluded from the Class:

      A.      Defendants' officers, directors and employees;

      B.      Judicial officers and their immediate family members and associated court staff assigned to this case; and

      C.      All those otherwise in the Class who or which timely and properly exclude themselves from the Class as provided in the Agreement.

### III. THE SETTLEMENT FUND

The Settlement creates a non-reversionary settlement fund of $11.2 million subject to the Court entering a Final Approval Order. Defendants shall cause to be deposited an amount equal to five hundred thousand and no cents ($500,000) (the "Notice Reserve") into the Escrow Account within ten (10) business days of entry of this Preliminary Approval Order. No later than fifteen (15) calendar days after the Final Approval Order, Avid shall deposit an amount equal to ten million, seven hundred thousand dollars and no cents ($10,700,000) into the Escrow Account.

After deductions for any attorneys' fees and costs that Class Counsel may apply for and the Court may award, the Class Representative Service Awards, any Notice and Administration Costs, the cost of the Claims Review Process, and other Court-approved costs, expenses, or amounts, the balance of the non-reversionary $11.2 million settlement fund will be distributed to Settlement Class Members as set out in in the proposed Claims Process set forth in Paragraph 8 of the Stipulation.

To summarize that process, a Settlement Administrator, working under the supervision of Class Counsel and subject to the jurisdiction of this Court, shall administer a process of receiving, reviewing, and approving or denying Settlement Class Member claims.

First, each Settlement Class Member will be reimbursed from the Net Settlement Fund for out-of-pocket losses stemming from the Class Member's use of AshleyMadison.com. Such out-of-pocket losses shall consist of three components: (1) purchasing Full Delete; (2) purchasing or using credits to communicate with Engagers; and (3) reimbursing losses caused by the Data Breach.

Second, after Settlement Class Members are compensated for their out-of-pocket losses, the balance of the Net Settlement Fund will be allocated on a pro rata basis defined by reference to the number of Settlement Class Members who submit a Valid Claim Form and Reasonable Documentation demonstrating that his or her Personal Information was released publicly as a result of the Data Breach. In the event that this pro rata distribution of funds to Settlement Class Members that only have a claim for public release of his or her information under Section 8.2.2 makes distribution economically impractical, the remaining Net Settlement Fund shall not be distributed to Class Members making these non-out-of-pocket loss claims, but rather will be donated to one or more Internal Revenue Code Section 501(c)(3) charitable digital privacy or other similar organizations chosen jointly by Class Counsel (on behalf of the Settlement Class) and Avid (a "Charity"). If the Net Settlement Fund is not exhausted by compensating for out-of-pocket losses and those whose Personal Information was released publicly, then any remainder will be donated to a Charity.

Defendants do not admit wrongdoing in the Settlement and deny the material allegations and claims asserted in the Consolidated Class Action Complaint. In exchange for the benefits conferred on Settlement Class Members by the Settlement, Settlement Class Members who do not opt out agree to release all claims that could have been asserted, or that arise out of the same transactions or occurrences as the claims against Defendants that were or could have been asserted

in this Action, commensurate with the res judicata effect at the conclusion of the litigation, as described in the Settlement.

### IV. PRELIMINARY FINDINGS

The Court preliminarily finds that this Settlement complies with this Court's standard for preliminary approval of class action settlements. See *Schoenbaum v. E.I. Dupont De Nemours & Co.*, No. 4:05CV01108ERW, 2009 WL 4782082 (E.D. Mo. Dec. 8, 2009). Furthermore, the Court finds, on a preliminary basis, that the Settlement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and that the Settlement is fair and reasonable to Settlement Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and potential appeals of rulings, in particular given the Parties' dispute over the mandatory arbitration and class action waiver provisions contained in Defendants' Customer Account Agreements.

The Court preliminarily finds, for purposes of settlement only, that the proposed Settlement Class as defined above meets the numerosity requirement of Rule 23(a)(1) such that joinder would be impractical; that there are questions of law and fact common to the Settlement Class as required by Rule 23(a)(2); that these common questions predominate over individual questions as required by Rule 23(b)(3); that the claims of the proposed Settlement Class Representatives are typical of the claims of the Class under Rule 23(a)(3).

In addition, the Court preliminarily finds that the Class Counsel and Plaintiffs will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(g)(1) and (4), and, therefore, hereby appoints them as Class Counsel and class representatives, under Rules 23(c)(1)(B) and 23(g) to implement and complete the Settlement Approval Process.

## V. NOTICE TO CLASS MEMBERS

Under Rule 23(c)(2), the Court approves, as to content and format, the Full Publication Notice (Ex. C) and the Summary Publication Notice (Ex. D.) (collectively, "Notice"). The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. On Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

Specifically, the Court further finds that the Notice adequately advises the Settlement Class about:

    A.    The class action;

    B.    The terms of the proposed Settlement, the benefits available to each Settlement Class Member, and proposed fees and costs to Class Counsel;

    C.    Each Settlement Class Member's right to object or opt out of the settlement, and the timing and procedures for doing so;

    D.    Preliminary court approval of the proposed Settlement; and

E. The date of the Final Approval Hearing as well as the rights of Settlement Class Members to file documentation in support of or in opposition to and appear in connection with said hearing.

Defendants shall also disclose to the Settlement Administrator information regarding Settlement Class Members claiming to have been a part of the Data Breach during the Class Period. The Settlement Administrator shall not provide this information to any Person other than Class Counsel. Class Counsel shall keep such information confidential and will use the information only in connection with the administration of the Settlement. In addition, the Settlement Administrator shall adopt data security measures reasonably calculated to protect that information from disclosure.

The Settlement Administrator shall publish the Full Publication Notice, the Summary Publication Notice substantially in the form attached hereto as Exhibits C and D by no later than 15 days after the Settlement Administrator begins receiving the Notice Reserve. The Court otherwise hereby directs that such notice be disseminated in the manner set forth in the Settlement to Settlement Class Members under Rule 23(e)(1).

## VI. SETTLEMENT ADMINISTRATION

The Court finds that the costs associated with the notice plan described above and the estimated costs of administering the Settlement are fair and reasonable.

The Court approves Angeion Group to act as the class action administrator ("Settlement Administrator").

## VII. SCHEDULE AND PROCEDURES

The Court orders the following schedule and procedures for disseminating Notice, filing claims, requesting exclusion from the class, filing objections to the Settlement, and filing the motion for final approval:

| DATE | EVENT |
| --- | --- |
| July 21, 2017 | Preliminary Approval Hearing |
| 10 days after Preliminary Approval Order | Defendants will deposit Notice Reserve into Escrow Account |
| 15 Days After Preliminary Approval Order | Class Notice Date |
| 60 Days After Class Notice Date | Objection Deadline and Opt-out Deadline |
| 150 Days After Class Notice Date | Deadline to Submit Claim Form |
| 75 Days After Class Notice Date | Class Representatives to File Motion for Final Approval and/or Attorneys' Fees |
| 75 Days After Class Notice Date | Class Counsel will prepare and file a list of Opt-Outs with the Court |
| 95 Days After Class Notice Date | Class Representatives to file Reply on Final Approval and/or Attorneys' Fees |
| 85 Days After Class Notice Date | Class Representatives and/or Defendants to file response to any written Objection |
| 105 Days After Class Notice Date | Final Approval Hearing |
| 15 Days After Final Approval Order | Defendants deposit the remaining Settlement Fund into Escrow Account |

## VIII. FINAL APPROVAL HEARING

The Final Approval Hearing shall take place on November__, 2017, at __:00 _.m. at the United States District Court for the Eastern District of Missouri, United States Courthouse, 111

South 10th Street, St. Louis, Missouri, 63102, before the Honorable John A. Ross, to determine whether the proposed Settlement is fair, reasonable, and adequate and should receive the Court's final approval.

    A.    Objections by Settlement Class Members (who do not timely elect to exclude themselves from the Class) to the proposed Settlement will be considered if filed in writing with the clerk within 60 days of the Class Notice Date.

    B.    At the Final Approval Hearing, Settlement Class Members (who do not timely elect to exclude themselves from the Class) may be heard orally in support of or in opposition to the Settlement, provided each such person filed with the clerk not later than sixty days after the Class Notice Date a written notification of his or her desire to appear personally, indicating (if in opposition to the Settlement) briefly the nature of the objection. Failure to comply with the notification requirement may be excused upon a showing of good cause.

    C.    Settlement Class Counsel and counsel for Defendants should be prepared at the hearing to respond to objections filed by Settlement Class Members and to provide other information, as appropriate, bearing on whether or not the Settlement should be approved.

## IX. OTHER PROVISIONS

Settlement Class Counsel and Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement including the approved Notice Program.

The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause

shown, without further notice to the Settlement Class Members, except that notice of any such extensions shall be included on the Settlement Website. Settlement Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Exclusions and Objections must meet the deadlines and follow the requirements set forth in the approved Class Notice in order to be valid.

If, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason whatsoever, the proposed Settlement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement.

Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Settlement, including making, without further approval of the Court, minor changes to the Settlement, to the form or content of the Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

To "secure the just, speedy, and inexpensive determination" of this and related actions, FRCP 1, the Court also hereby stays further proceedings in related actions pending (i) Judgment, or (ii) termination of this Settlement, whichever occurs earlier.

## X. SUMMARY

In summary, the Court:

    A.    preliminarily approves the Settlement as being a fair, reasonable, and adequate settlement as to Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure;

B. certifies, for settlement purposes only, the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

C. appoints Representative Plaintiffs as Class Plaintiffs, appoints their counsel as Class Counsel to execute this Settlement on behalf of Representative Plaintiffs and the Settlement Class, and authorizes Class Counsel to take approved steps to proceed with this Settlement on behalf of the Settlement Class;

D. schedules a Final Approval hearing and establishing all related deadlines;

E. directs notice to be disseminated as set forth in the Settlement, and find that the Notice Program and materials satisfy Rule 23 and due process;

F. subjects the Settlement Fund to the continuing jurisdiction of the Court;

G. conditionally and temporarily stays related cases;

H. preliminarily enjoins all Class Members who have not opted out from pursuing, as class members, actions based on or relating to the claims to be released by the Class Agreement; and further enjoins all persons from pursuing a lawsuit in any jurisdiction involving Class Members who have not timely excluded themselves that is based on or relating to the claims to be released by the Class Agreement; and

The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Class as defined in this Order.

IT IS SO ORDERED.

Dated: _____

_____
Hon. John A. Ross
United States District Court Judge