## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION <br><br> This Document Relates to: <br><br> ALL CASES | ) ) ) ) ) MDL No. 2669 ) ) Case No. 4:15-MD-02669-JAR ) ) ) |

## DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

1. I make this declaration from my personal knowledge, and if called upon to testify, I could and would testify competently to the facts stated in this declaration.

2. I am filing this Declaration in my capacity as mediator in connection with the proposed class action settlement of the above-captioned matter.

### A. Background and Qualifications

3. I am a former United States Attorney and former United States District Judge. I resigned from the federal bench in 1991. From 1991 until 2014, I was a partner in the law firm of Irell & Manella LLP, where I practiced complex civil litigation, conducted internal investigations, and presided over alternative dispute resolution matters, primarily mediations. I am the founder and lead mediator at Phillips ADR Enterprises, P.C. ("PADRE"), formed in November 2014. I am a member of the bars of Oklahoma, Texas, California, and the District of Columbia, as well as the U.S. Courts of Appeals for the Ninth and Tenth Circuits and the Federal Circuit.

4. For over 20 years, I have successfully mediated high-stakes civil disputes for Fortune 500 companies nationwide, and I have devoted a considerable amount of my professional

life to serving as a mediator and arbitrator in connection with large, complex cases. I have mediated hundreds of disputes referred by private parties and courts, and have been appointed a Special Master by various federal courts in complex civil proceedings. I am also a Fellow of the American College of Trial Lawyers. In addition, I have been nationally recognized as a mediator by the Center for Public Resources Institute for Dispute Resolution (CPR), serving on CPR's National Panel of Distinguished Neutrals.

### B. The Parties' Settlement Negotiations

5. Counsel for the parties retained me in February of 2017 to mediate the above-captioned dispute, which is several months after initial negotiations began in October of 2016. I was assisted in that work by my mediation support team, which includes other experienced attorneys and mediators.

6. The parties' negotiations were conducted in confidence and under my supervision. All participants in the mediation and negotiations executed a confidentiality agreement indicating that the mediation process was to be considered settlement negotiations for the purpose of Rule 408 of the Federal Rules of Evidence, protecting disclosures made during such process from later discovery, dissemination, publication and/or use in evidence.

7. By making this declaration, neither I nor the parties waive in any way the provisions of the confidentiality agreement or the protections of Rule 408. While I cannot discuss the contents for the mediation session, the parties have authorized me to inform the Court of the procedural and substantive matters set forth below to be used in support of preliminary approval of the settlement.

8. Between February of 2017 and April 7, 2017, the parties and I, along with my mediation support team, worked toward mediation planning, developing term sheets, questions for the respective parties, and mediation statements addressing the key factual and legal issues in the

litigation and identifying the largest issues that were preventing settlement. The parties put significant efforts into focusing in on the most important issues in the case and objectively assessing the risks in this litigation.

9. On April 7, 2016, counsel for the parties and I participated in an in-person mediation in New York City to attempt to resolve the dispute. Prior to the mediation, the parties provided to me memoranda discussing the factual and procedural background in this action, as well as the disputed factual and legal issues in this action. I reviewed the memoranda submitted by the parties, and provided a list of specific questions to each side to help them thoroughly evaluate the strengths and weaknesses of their case as well as clarify where substantial disputes on liability and damages still existed.

10. There was considerable space between the parties' positions at the beginning of the mediation, and while throughout the course of the mediation the parties were able to close the gap with respect to some issues, they ultimately reached an impasse that ended the mediation without a settlement.

11. However, at the end of the mediation, I made a mediator's recommendation that the parties settle the litigation for approximately eleven million, two hundred thousand dollars ($11,200,000), and the plaintiffs concurrently made a demand of that magnitude upon the defendants prior to leaving the mediation. I instructed the parties to keep me informed of their progress.

12. Significant arms' length settlement negotiations continued by telephone conferences. After numerous sessions, the parties were able to reach an agreement in principle for eleven million, two hundred thousand dollars ($11,200,000).

13. Following further telephone conferences, the parties continued to negotiate the full terms of the agreement and paper the settlement.

14. In total, negotiations over the Settlement – which spanned over nine months – were particularly hard fought and challenging. At the mediation, the parties provided me with well-argued briefs and critical factual information. They vigorously advocated for their clients during the mediation session.

### C. Conclusion

15. Throughout the negotiations involving this high-profile matter, counsel for the parties were often in positions antithetical to each other. While they were courteous and professional, at no time during the mediation process did any of the parties' counsel relent in their advocacy to achieve what in their views were the terms that would most benefit their clients or the class.

16. Plaintiffs' counsel before and during the mediation session, as well as in my many discussions with them, demonstrated that they thoroughly examined the merits of the class's claims. Their substantial work produced a valuable recovery for the class in the face of many obstacles, not the least of which being the arbitration issue.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

17.     Based on my experience as a litigator, a former U.S. District Judge, and a mediator, it is my opinion that the settlement reached by the parties is fair, reasonable, and adequate. It represents a fairly negotiated resolution of what would no doubt be expensive, time-consuming, and uncertain litigation, including appeals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13 day of July, 2017 in Corona del Mar, California.

_____
Former United States District Judge Layn R. Phillips