# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| )  | |
| IN RE: ASHLEY MADISON CUSTOMER ) | |
| DATA SECURITY BREACH LITIGATION ) | |
| ) | MDL No. 2669 |
| This Document Relates to: ) | |
| ) | Case No. 4:15-MD-02669-JAR |
| ALL CASES ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS AND CLASS SETTLEMENT COUNSEL'S MOTION FOR (1) APPROVAL OF ATTORNEYS' FEES, (2) REIMBURSEMENT OF LITIGATION EXPENSES, AND (3) SERVICE AWARDS TO THE CLASS REPRESENTATIVES

Class Settlement Counsel have negotiated a settlement that confers a substantial benefit on the Plaintiff class in this difficult and novel class action. Class Settlement Counsel therefore request a reasonable attorney fee award for their work in this action and to reimburse the Executive Committee members and other plaintiffs' attorneys for their common benefit work. Counsel also seek reimbursement for their expenses incurred in this litigation. Plaintiffs and Class Settlement Counsel also request reasonable service awards for the Class Representatives for their time, effort, and participation in this litigation, as well as their willingness to prosecute this action for the benefit of Class Members as named plaintiffs.

On February 5, 2016, this Honorable Court entered its Order Appointing Leadership Counsel. Doc. 87. The Court appointed John J. Driscoll and The Driscoll Firm, P.C., and W. Lewis Garrison, Jr., and Heninger Garrison Davis, LLC, as Plaintiffs' Interim Co-Lead Counsel and Douglas P. Dowd and Dowd & Dowd, P.C. as Plaintiffs' Interim Liaison Counsel. *Id.* Additionally, the Court appointed a Plaintiffs' Interim Executive Committee comprised of John Arthur Eaves**,** Jr. and the Eaves Law Firm; Gary F. Lynch and Carlson Lynch Sweet & Kilpela,

1

LLP; Katrina Carroll and Lite DePalma Greenberg LLC; Julian A. Hammond and Hammondlaw P.C. and Thomas A. Zimmerman, Jr. and Zimmerman Law Offices. Doc. 87 at 3.

Interim Liaison Counsel were assigned duties by the Court including responding to the Court's inquiries, maintaining a service list, distributing orders and pleadings to Plaintiffs' counsel, and performing other assignments deemed necessary as the case progresses. *Id.* Interim Co-Lead Counsel were made generally responsible for coordinating the activities of Plaintiffs during pretrial proceedings, including the briefing and argument of motions and directing and conducting settlement negotiations. *Id.* The Plaintiffs' Executive Committee were ordered by the Court to operate under the direction of Co-Lead Counsel and consult with Plaintiffs' Co-Lead and Liaison counsel in coordinating Plaintiffs' pretrial activities and planning for trial. *Id.* Plaintiffs were "expected to act only through leadership counsel." *Id*.

After extensive and hard-fought litigation and settlement negotiations, the parties reached a fair and reasonable Settlement Agreement providing relief to the class in the form of an $11.2 million settlement fund as well as substantial non-monetary relief. Pursuant to the Settlement Agreement, the parties filed a Joint Motion for Preliminary Approval of Settlement requesting that the Court enter an order granting preliminary approval of the settlement agreement pursuant to Federal Rule of Civil Procedure 23(e). The Joint Motion for Preliminary Approval was granted by order of the Court on July 21, 2017. Doc. 354.  Among other things, the Order Granting Preliminary Approval certified the Settlement Class and appointed the Driscoll Firm, P.C., Heninger Garrison Davis, LLC, and Dowd & Dowd, P.C. as Class Settlement Counsel for purposes of the settlement. *See id*. at 13.

The Settlement Agreement provides that "Class Settlement Counsel will petition the Court for an award of attorneys' fees in an amount not to exceed one third of the total $11.2

million value of the Settlement Fund, exclusive of interest accumulated, along with Class Settlement Counsel's reasonable costs and expenses" and that "Class Settlement Counsel will distribute such fees, costs and expenses in a manner consistent with counsel's contribution to the benefit obtained for the Settlement Class." *See* Doc. 343-1, Settlement Agreement, p. 21. The deadline for bringing objections to the proposed Settlement Agreement was October 3, 2017. *See* Doc. 354.  However, to Class Settlement Counsel's knowledge, no objections have been received regarding the Settlement Agreement provisions relating to Plaintiffs' attorney fees.

The parties have now filed a motion for final approval of the settlement agreement.  In addition to final approval of the Settlement Agreement, Class Settlement Counsel request an award of attorneys' fees and costs for the work they have done in creating a benefit for the Class, as well as to reimburse the Executive Committee and other Plaintiffs' counsel for work they were assigned by Lead Counsel. For the reasons set forth below, Class Settlement Counsel request a fee of one third (1/3) of the total settlement fund ($3,733,333.33), plus expenses in the total amount of $78,032.38. Plaintiffs and Class Settlement Counsel further request an award of $5,000 for each Class Representative named in the Consolidated Amended Complaint, which is intended to compensate Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class.

## I.      PLAINTIFFS' COUNSEL'S FEE REQUEST IS FAIR AND REASONABLE

Courts generally recognize that counsel whose efforts create a common settlement fund are entitled to recover a reasonable attorneys' fee from the fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.") *See also*, McLaughlin on Class Actions

§ 6:24 (11th ed. 2014) ("public policy considerations of encouraging lawyers to represent classes favor the award of a reasonable attorney's fee in class actions that yield a benefit to class members").

The relevant factors in evaluating an attorney fee award in a class action are "(1) the time and work required; (2) the preclusion of other employment by the attorney due to acceptance of this case; (3) the contingent nature of the fee; (4) the results obtained; and (5) the experience, reputation, and ability of the attorneys." *Huyer v. Buckley*, 849 F.3d 395, 399 (C.A.8 (Iowa) 2017), citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 719–20 (5th Cir. 1974).

Further, the Eighth Circuit has expressly approved use of the "percentage of the fund" or "percentage of the benefit" method of apportioning attorneys' fees in appropriate cases. *See Huyer v. Buckley*, 849 F.3d 395, 399 (C.A.8 (Iowa) 2017) (Approving fee of one third of the settlement fund as attorney fee and noting that "under the percentage-of-the-benefit method … courts have frequently awarded attorneys' fees ranging up to 36% in class actions."). *See also In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming attorneys' fee award of 36% in class action settlement); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F.Supp.2d 980, 998 (D. Minn. 2005) ("[C]ourts in this circuit … have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions.").[1] *See also Been v. O.K. Indus., Inc.*, No. CIV-02-285-RAW, 2011 WL

---

[1] Indeed, it has been recognized that fee awards as high as 50% of a gross common settlement fund can be reasonable. See 4 William B. Rubenstein, Newberg on Class Actions § 17:25 (4th ed. 2002) ("[A]n upper limit of 50 percent of the fund may be stated as a general rule, although even larger percentages have been awarded."); *Shaw v. Interthinx, Inc*., No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *6 (D. Colo. Apr. 21, 2015) ("courts have . . . recognized that [t]he percentages awarded in common fund cases typically range from 20 to 50 percent of the common fund created"); *Velez v. Novartis Pharm. Corp*., No. 04 Civ. 09194(CM), 2010 WL 4877852, at *21 (S.D.N.Y. Nov. 30, 2010) (noting approval of fee awards ranging "from 20 to 50 percent of the gross settlement benefit"); *Wells v. Allstate Ins. Co*., 557 F. Supp. 2d 1, 6-7

4478766, at *4 (E.D. Okla. Aug. 16, 2011)("In the past two decades the dominant method of awarding attorney's fees in Common Fund cases has shifted from the lodestar approach to the percentage-of-the-fund approach."). Furthermore, the court has discretion to base its attorney fee award on the total settlement fund, including the costs of class notice and administrative costs, so long as those costs are reasonable and justifiable. *See Huyer*, 849 F.3d at 398.  As set forth within, applying the relevant factors, Counsel's fee request is reasonable and just.

A.     **The time and work required.**

Plaintiffs have attached hereto the Declaration of John J. Driscoll, setting forth the work that Class Settlement Counsel have performed for the benefit of the Class, as well as the total common benefit hours submitted by the Executive Committee and other Plaintiffs' firms for work done since February 5, 2016, when the leadership structure was appointed by the Court. Since that date alone, Class Settlement Counsel and supporting counsel have reasonably spent in excess of 3,693.5 hours representing Plaintiffs and the Class without compensation, forgoing other paying work in order to do so.[2] *See* Exhibit 1, Declaration of John J. Driscoll, ¶¶ 8-11; 20. The fact that this many hours of work have been undertaken in the last 21 months alone (and without counting thousands of hours of significant work done by Class Settlement Counsel prior to their appointment), demonstrates the intensity with which Class Settlement Counsel have litigated this action.

The work done by Class Settlement Counsel includes selecting appropriate class representatives and drafting and filing the First Amended Consolidated Class Action Complaint

(D.D.C. 2008) (noting that "[f]ee awards in common-fund cases may range from fifteen to forty-five percent" and approving fee request of 45% of total gross recovery).

[2] Should the Court grant Class Settlement Counsel's fee request, counsel will distribute payment from the attorney fee fund to the Executive Committee members and other plaintiffs' attorneys set forth in the Declaration of John J. Driscoll, attached hereto, commensurate with their common benefit work since the Court's Order Appointing Leadership Counsel.

on June 24, 2016, whereby the Plaintiffs brought claims for violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962), the Federal Stored Communications Act (18 U.S.C. § 2702), negligence and negligence *per se,* breach of implied contract – data breach, breach of contract – paid delete, unjust enrichment, negligent misrepresentation, violations of various state consumer fraud, protection, and record acts, and violations of various state data breach notification statutes. *See* Doc. No. 186.

In anticipation of a motion to compel arbitration by Defendants, counsel performed extensive discovery on the issue of the arbitrability of the Plaintiffs' claims against Defendants, including an exchange of interrogatories and document requests related to the issue of arbitration. *See* Doc. No. 189. Plaintiffs' counsel were forced to move for additional discovery related to certain information sought that was relevant to the arbitration issue. *See* Doc. No. 207. That motion was granted, and the Court ordered Defendants to respond to certain of Plaintiffs' arbitration-related discovery requests on August 24, 2016. *See* Doc. No. 228. Defendants filed their Motion to Dismiss or to Stay and Compel Arbitration on August 29, 2016 (*see* Doc. Nos. 229, 230, 232, 233). In that motion, Defendants sought to compel all of the Plaintiffs into individual and binding arbitration and prevent them from pursuing their claims on behalf of a class in this Court. Due to the nature of certain arguments, factual assertions, and a declaration filed by Defendants in support the Motion to Dismiss or to Stay and Compel Arbitration, Plaintiffs sought an extension of time to respond to the Motion to Dismiss or to Stay and Compel Arbitration and further sought leave from the Court at the September 9, 2016, status conference to depose declarant Rizwan Jiwan. *See* Doc. No. 237. Such extension and leave were granted. *See* Doc. No. 241. Following the Jiwan deposition, Plaintiffs opposed Defendants' Motion to Dismiss or to Stay and Compel Arbitration (*see* Doc. Nos. 273-304), and Defendants replied in

support of their motion with an additional declaration from Mr. Jiwan (*see* Doc. Nos. 314-5, 316-5), to which Plaintiffs objected and sought stricken from the record. *See* Doc. No. 323. The briefing was completed and the parties were set for oral argument. *See* Doc. 344-1, at ¶ 15. However, the parties sought a continuance of oral argument on the Motion to Dismiss or to Stay and Compel Arbitration in order to make a good faith effort at resolving the case. *Id.*

Class Settlement Counsel also fought fiercely in the settlement negotiations to obtain a favorable result. The parties first began discussing settlement in earnest in September of 2016. From September of 2016 through December of 2016, the parties worked together to try to reach a resolution of the litigation in light of the claims alleged, positions, and risks to the Parties in litigation. Despite an extensive exchange of positions and information, and despite telephone conferences and an in person conference, the parties were unable to reach agreement. *See* Doc. 344-1, at ¶ 16.

On December 14, 2016, the Federal Trade Commission (FTC), working with a coalition of 13 states—Alaska, Arkansas, Hawaii, Louisiana, Maryland, Mississippi, Nebraska, New York, North Dakota, Oregon, Rhode Island, Tennessee, Vermont—and the District of Columbia announced settlements with Avid that resolved claims similar to those asserted by Plaintiffs in the First Amended Consolidated Class Action Complaint ("Government Settlements"). The Government Settlements included a required payment by Avid in the amount of $1,657,000 to the FTC and the states. That payment represented a partial suspension of a $17,500,000 settlement that was negotiated, and this suspension was expressly premised upon the truthfulness, accuracy, and completeness of Avid's sworn financial statements and related documents submitted to the FTC, dated September 30, 2016, October 17, 2016, and October 19, 2016 (collectively, "Financial Representations"). *Id.* In other words, much of the monetary

7

obligations resulting from the settlement were suspended based Defendants' inability to pay. *See* Doc. 344-1, at ¶ 17. In the wake of the Government Settlements, Plaintiffs pushed back against Defendants, believing that a broader, more extensive settlement would serve the class's best interest, and engaged in further settlement discussions and negotiations directly with Defendants, and eventually through a mediator. *See* Doc. 344-1, at ¶ 18.

To move negotiations forward following an impasse reached in February of 2017, the parties then engaged retired U.S. District Court Judge Layn Phillips to assist with further settlement discussions. *See* Doc. 344-2, Declaration of Layn R. Phillips In Support of Motion for Preliminary Approval of Settlement, dated July 13, 2017, at ¶ 5 ("Phillips Declaration"). Under his guidance, the parties conducted an in-person mediation session on April 7, 2017, as well as numerous telephone conferences with Judge Phillips and co-mediator Michelle Yoshida. Doc. 344-2 at ¶ 9. Extensive mediation briefs were exchanged. *Id.* at ¶¶ 8-9. The parties made progress on the general contours of a settlement, but could not agree on the amount of the settlement. *Id.* at ¶¶ 9-10. Eventually, Judge Phillips made a mediator recommendation that formed the basis of a settlement in principle dated April 21, 2017. *Id.* at ¶¶ 9-10; s*ee also* Doc. 344-1, Declaration of W. Lewis Garrison Jr. In Support of Motion for Preliminary Approval, at ¶ 19 ("Garrison Declaration").

Once the agreement in principle was reached, the parties began the painstaking effort of negotiating the full Settlement Agreement. This process, too, was hard fought. The parties negotiated over virtually every aspect of the notice and claims process, and the best way to identify and compensate Class Members. Thus, Class Settlement Counsel negotiated with Defendants literally up to the day of the filing of the preliminary approval motion in order to obtain the best relief possible for the class. *See* Doc. 344-1 at ¶20.  Furthermore, should the

8

Court grant final approval, Class Settlement Counsel will continue to perform substantial work in this case beyond the final approval hearing, including overseeing resolution of the claims process in early 2018.

**B.** **The preclusion of other employment by Plaintiffs' counsel due to acceptance of this case.**

As set forth in the attached declaration, Plaintiffs' counsel has expended in excess of 3,693.5 hours on this matter just since February 5, 2016.  *See* Exhibit 1, Declaration of John J. Driscoll, ¶ 20. This does not take into account the thousands of hours spent by Class Settlement Counsel prior to being appointed to leadership positions by the Court. Clearly, Class Settlement Counsel have been precluded by this intense investment of time and effort from pursuing other matters for which they would have been compensated. This factor again weighs in favor of the reasonableness of counsel's fee request.

**C.** **The contingent nature of the fee.**

Class Settlement Counsel and the Plaintiffs' leadership group have represented Plaintiffs and the class in this case on a purely contingent fee basis, which created significant risk that Class Settlement Counsel might not be compensated for the time and expense dedicated to the case. *See In re The Mills Corp. Sec. Litig*., 265 F.R.D. 246, 263 (E.D. Va. 2009). It is widely recognized that this risk justifies a higher fee award. *See Temp. Servs., Inc. v. Am. Int'l Grp., Inc.,* No. 3:08-cv-00271-JFA, 2012 WL 2370523, at *9-10 (D.S.C. June 22, 2012) ("Courts across the country recognize that the risk of receiving no recovery is a major factor in awarding attorneys' fees, and it is the primary aspect of a contingency fee case that supports a percentage fee recovery.")

Class Settlement Counsel have not been compensated for any time or expenses in connection with this litigation since their investigation, and work on this case began more than

two years ago. Given the numerous legal defenses and the skill with which the case was defended, the risk of non-payment was very real. Class Settlement Counsel nonetheless assumed the risks associated with pursuing the case, zealously represented the class, and secured a substantial recovery for all class members. *See* Exhibit 1, Declaration of John J. Driscoll, ¶ 20. Under these circumstances, this factor weighs heavily in favor of the requested fee award. *See Shaw v. Interthinx, Inc*., No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *5 (D. Colo. Apr. 21, 2015) (finding that contingent fee arrangement weighed "in favor of the requested fees because Class Settlement Counsel assumed significant risk of nonpayment when they agreed to represent Named Plaintiffs on a contingency fee basis").

    **D.**    **Class Settlement Counsel have obtained a significant benefit for the Class**

The Settlement creates a cash Settlement Fund of $11.2 million. None of these funds will revert to Defendants under any circumstances. The Settlement provides compensation for each of the significant categories of damages to the class as set forth in the Consolidated Complaint, including (1) compensation for those who spent $19.00 to have all information relating to their use of the Ashley Madison website permanently deleted (up to $500 for multiple accounts); (2) compensation for credits and other amounts spent on the website as a result of Defendants' use of "bot" or "engager" accounts (up to $500); and (3) other losses, including identity theft or other fraud, that resulted from the data breach (up to $2,000). Cash benefits will be distributed on a *pro rata* basis up to a maximum of $3,500 per Class Member. Remaining funds will be divided equally amongst class members injured from having personal, confidential information relating to use of the Ashley Madison website disclosed in the breach (up to $500). In the event that the *pro rata* distribution of funds to these class members is economically impractical or there is a remainder in the funds, the remaining will be donated to one or more Internal Revenue Code

Section 501(c)(3) charitable digital privacy or similar organizations chosen jointly by Class Settlement Counsel (on behalf of the Settlement Class) and Avid (a "Charity").  The detailed benefits of the Settlement Agreement to the Class have been previously set forth in Plaintiffs' Motion for Preliminary Approval, granted by the Court, and are further discussed in Plaintiffs' Motion for Final Approval, filed herewith. *See* Docs. 343, 344. Rather than repeat those arguments yet again, Counsel for Plaintiffs incorporates the same as if fully set forth herein.

As set forth in Plaintiffs' Motion for Final Approval, while claims continue to come in and be processed by the claims administrator, it is clear that millions of dollars will be paid out to class members from the Settlement Fund should the Court grant Final Approval. Furthermore, the reasonableness and fairness of the settlement is demonstrated by the absence of numerous or significant objections. Class Settlement Counsel have obtained a significant benefit for the Class, against significant and determined opposition from Defendants. This element therefore weighs in favor of the reasonableness of counsel's fee petition.

### E.      This case involved highly experienced, reputable and skilled attorneys

The relevant experience, reputation and skill of Class Settlement Counsel and the Executive Committee have previously been set forth in Counsel's Motion for Appointment of Interim Counsel. *See* Docs. 65-66. Class Settlement Counsel have substantial experience in litigating class action lawsuits, including consumer protection claims and data breach claims. Here, Class Settlement Counsel provided skilled legal services to the class by successfully litigating the action in the face of highly competent and vigorous opposition from national law firms representing a determined corporate client. This case involved a novel mix of consumer fraud issues as well as data breach issues. The ability to obtain recovery for the class in a case involving these complex and novel issues, in the face of sophisticated and formidable legal

opposition, reflects the quality of Class Settlement Counsel's legal work and strongly favors the requested fee award.

## II.    THE COURT SHOULD ALSO REIMBURSE PLAINTIFFS' COUNSEL FOR THEIR EXPENSES.

In a class action, the law is clear that it is appropriate for a court to reimburse plaintiffs' counsel for expenses incurred for the benefit of the class from a class settlement fund. *See In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation*, 364 F.Supp.2d 980, 999–1000 (D.Minn. 2005). Appropriate expenses include photocopying, postage, messenger services, document depository, telephone and facsimile charges, filing and witness fees, computer-assisted legal research, expert fees and consultants, and meal, hotel, and transportation charges for out-of-town travel. *See Id.* The Declaration of John J. Driscoll, submitted herewith, sets forth expenses incurred by counsel in prosecuting this action, totaling $78,032.38. *Exhibit 1*, at ¶¶13-16. Each of these expenses were incurred for the benefit of the Class and fall within the categories outlined by the court in *In re Xcel Energy*, supra. *See Id*. at ¶16. As such these expenses should be reimbursed from the class settlement fund.

## III.   THE INCENTIVE AWARDS SOUGHT FOR THE CLASS REPRESENTATIVES ARE FAIR AND REASONABLE.

As contemplated in the Settlement Agreement, the named Plaintiffs/Class Representatives seek an incentive award of $5,000 for each of the Plaintiffs named in the Consolidated Complaint:  Brian Farr, Steven Coward, Marc Benefield, Nhung Truong, Gustavo Alfaro, David Yagel, John Hiles III, Matthew Lisuzzo, Britt Garrett, Christopher Russell, David Miller, James Mike Shows, Todd Witengier, Byron Goetting, Marvin Cabiness, Keith Macomber, Paul Jack, and Anthony Imbarrato (the "Class Representatives").

This award is reasonable in recognition of the Class Representatives assistance on behalf of the Class.  Each of them were required to gather financial records and other information for the preparation of the Consolidated Complaint, respond to interrogatories and requests for the production of documents from Defendants, work with Class Settlement Counsel to gather responsive information and properly object to the relevant requests, and each had to be available under the short deadlines that were allotted for the arbitration-related discovery in this litigation.  Each of the Class Representatives was responsive and represented the interests of the class in a way that allowed Class Settlement Counsel to achieve this settlement.  The Class Representatives were in constant communication with Class Settlement Counsel and consulted with them regarding the mediation and settlement, and were indispensable to the success of the case. *See also* Doc. 344-1 at 15. The Class Representatives believe that the settlement represents a good outcome for the Class Members and is fair, adequate, and reasonable, and want to continue to represent the Class for settlement purposes because of how the Defendants' actions negatively impacted their lives. *Id.*

The Class Representatives were also required to litigate using their full names, which subjected them to risks that many plaintiffs would not have undertaken.  While many of the initial lawsuits relating to the Ashley Madison breach were brought by pseudonymous plaintiffs, the Court required that Class Representatives bring claims in their own names. *See* Doc. No. 138. In doing so, the Court noted the "significant differences" between regular class members and class representatives and the important role of representatives in class action litigation, including the fiduciary duties undertaken toward the Class. *Id*. at 8.  Each of the Plaintiffs, for the greater good of the Class, has been willing to step forward and use his or her own name in this sensitive case.

Under the circumstances, a service award of $5,000 is reasonable and proper. *See Risch v. Natoli Eng'g Co., LLC*, No. 4:11CV1621 AGF, 2012 WL 4357953, at *3 (E.D. Mo. Sept. 24, 2012) (approving incentive award of $5,000 to named plaintiff); Simmons v. Enter. Holdings, Inc., No. 4:10CV00625AGF, 2012 WL 2885919, at *2 (E.D. Mo. July 13, 2012) (awarding $6,000 to each of the named plaintiffs*); see also Bachman v. A.G. Edwards, Inc*., No. 22052-01266-03, 2010 WL 5648344, ¶ 4 (Mo. Cir. Ct. St. Louis City May 21, 2010) (awarding $10,000 each to the two representative plaintiffs), *aff'd*, 344 S.W.3d 260 (Mo. App. 2011); *Hale v. Wal-Mart Stores, Inc*., Case Nos. 01CV218710, 02CV227674, 2009 WL 2206963, ¶ 43 (Mo. Cir. Ct. Jackson Cnty. May 15, 2009) (awarding $20,000 to each of the class representatives). Given the Class Representatives' valuable contribution to the litigation, Class Settlement Counsel suggests that $5,000 is an appropriate award.

WHEREFORE Plaintiffs and Class Settlement Counsel respectfully request that the Court enter its Order (1) Awarding Class Settlement Counsel attorneys' fees in the amount of one third (1/3) of the total settlement fund ($3,733,333.33) to be distributed to Plaintiffs' counsel; (2) Awarding counsel $78,032.38 in costs and expenses; and (3) awarding an incentive award of $5,000 to each of the named Plaintiffs in the Amended Consolidated Class Action Complaint.

Date:  October 20, 2017

Respectfully Submitted,

THE DRISCOLL FIRM, P.C.

By:     */s/ John J. Driscoll*
        John J. Driscoll (54729MO)
        Christopher J. Quinn (41883MO)
        Gregory G. Pals (48820MO)
        211 N. Broadway, 40th Floor
        St. Louis, Missouri 63102
        Tel.: (314) 932-3232

Fax: (314) 932-3233
john@thedriscollfirm.com
chris@thedriscollfirm.com
greg@thedriscollfirm.com

*/s/ W. Lewis Garrison, Jr.*
W. Lewis Garrison, Jr.
Christopher B. Hood
Taylor C. Bartlett
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Tel.: (205) 326-3336
Fax: (205) 326-3332
wlgarrison@hgdlawfirm.com
chood@hgdlawfirm.com
taylor@hgdlawfirm.com

James F. McDonough, III
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Tel.: (404) 996-0869
Fax: (205) 326-3332
jmcdonough@hgdlawfirm.com

*/s/ Douglas P. Dowd*
Douglas P. Dowd (29240MO)
William T. Dowd (39648MO)
Alex R. Lumaghi (56569MO)
DOWD & DOWD, P.C.
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
Tel.: (314) 621-2500
Fax: (314) 621-2503
doug@dowdlaw.net
bill@dowdlaw.net
alex@dowdlaw.net

*Plaintiffs' Class Settlement Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties.

*/s/ John J. Driscoll*